[No. 531.  Decided December 30, 1892.]

RICHARD WINSOR, *Appellant*, v. THOMAS JOHNSON *et al.*,
*Respondents.*

5   429,
e30   461

### LIENS ON SAW LOGS — ACTION TO ENFORCE — STIPULATION FOR SALE — TRUST — EVIDENCE.

Under §§ 1679, 1680, Gen. Stat., a lien upon saw logs cannot be so extended as to reach the lumber manufactured therefrom.

In an action by the holder of lien claims upon saw logs to enforce the same against the owner and another lien claimant, a stipulation was entered into between the parties providing that the logs should be sold by a special receiver and the proceeds paid into court for the *pro rata* benefit of such lien claimants.  The logs were sold and notes taken therefor in the name of the judge of the superior court, but instead of being deposited in court, were held by the attorneys of the defendant lien claimant and the money appropriated to the latter's use when paid.  *Held,* That the defendant lien claimant could not attack the sufficiency of the notices of lien claims held by the plaintiff.  *Held, also,* That it was the duty of the court to take jurisdiction of the proceeds of the sale of the logs as a trust fund, and distribute it in accordance with the stipulation, even although some of the parties thereto objected to such a course.

The refusal of the court to allow plaintiff to introduce proof of such stipulation is error, which would justify a reversal, if the facts did not sufficiently appear in the record to allow a modification of the decree in this court.

*Appeal from Superior Court, King County.*

*Winsor, Farwell & Morris,* for appellant.

*J. H. Cameron,* and *Charles E. Patterson,* for respondent George W. Crane; *McClure & Wheeler,* and *Thomas R. Shepard,* for respondent Bank of North Seattle.

The opinion of the court was delivered by

HOYT, J.— This action was brought by the plaintiff against a large number of defendants for the purpose of foreclosing certain liens which had been theretofore filed against a lot of saw logs and a quantity of lumber.  The

defendant the Bank of North Seattle, and the defendant George W. Crane, are the only two who seem to have so appeared in the case as to make it necessary for us to discuss their rights. The rights of these two are somewhat different, and we shall to a certain extent have to discuss them separately. Both of them attack the lien notices as being insufficient to create a lien upon the logs which were attempted to be described therein. The conclusion to which we have come as to other questions in the case makes it unnecessary for us to decide as to the validity of such lien notices.

As to the defendant the Bank of North Seattle, the other question, and the one which under our determination thereof is decisive of the controversy as between it and the plaintiff, is as to whether or not a lien for labor upon or in securing saw logs will attach to the lumber into which such saw logs may be manufactured. If such lien does not so attach then it is conceded that the Bank of North Seattle is not liable to plaintiff, even although the liens held by plaintiff are valid and binding as against the saw logs. We feel constrained by our statute to hold that the lien upon saw logs cannot be so extended as to reach the lumber manufactured therefrom. Section 1679, Gen. Stat., provides that every person performing labor upon or who shall assist in obtaining or securing saw logs, has a lien upon the same for the work or labor done upon or in obtaining or securing the same. Section 1680 provides that every person performing labor upon or who shall assist in the manufacture of saw logs into lumber has a lien upon such lumber. Construing these two sections together, they provide for two classes of liens. It is true that the opening part of § 1680 might be so construed as to cover the same class of work as is provided for in § 1679. But if we so construe it, we establish the fact that the legislature has unnecessarily twice enacted substantially the

same provision. If it is to be thus construed the whole object thereof could have been accomplished by a slight change in the wording of said § 1679. On the other hand, if we construe said § 1680 as being intended only to fully protect all laborers engaged in the manufacturing of saw logs into lumber, whether performing such labor directly upon the logs and lumber, or in assisting in the manufacture of such lumber, though not doing work directly thereon, force is given to every word of the section, and any repetition of the provisions already fully set out in the preceding section will be avoided. If it is held that this section applied to labor in securing the logs, and also to that done in transforming them into lumber, much uncertainty would arise in the determination of the respective rights of the lien claimants, and the difficulty of enforcing the statute, which at best is sufficiently great, would be greatly multiplied.

As to defendant Crane: The record is in a very unsatisfactory condition, and it is difficult therefrom to determine the exact status of the controversy. However, in view of the offers to prove made by the plaintiff during the progress of the trial, and the action of the court in regard thereto, and the remarks made by it in connection with its rulings thereon, with the apparent acquiescence of all the parties, and in view of the statement of facts in the brief of said defendant, it sufficiently appears that said defendant Crane and the plaintiff and the owner of the logs entered into a stipulation or agreement by which the logs were placed in the hands of a special receiver to be by him sold, and the proceeds thereof paid into court for the *pro rata* benefit of the lien claims held by the plaintiff and the said defendant. That in pursuance of such stipulation and agreement the logs were sold by the receiver, and notes taken therefor in the name of one of the judges of the superior court. That instead of said notes being deposited

in court, they were held by the said defendant, or his attorneys, and when paid the money was received by or on behalf of the said defendant, and by virtue of some arrangement between him and the owner of the logs, to which the plaintiff was not a party, appropriated to his own use. Such being the fact, the said defendant was not in a condition to attack the notices of lien claims held by the plaintiff. So far as he was concerned it was the duty of the court to hold such claims good, regardless of the question as to whether or not the law had been strictly complied with in attempting to perfect the same. Nor do we think that the claim of said defendant that the force of said stipulation and agreement was lost by reason of the inability of the parties thereto to agree as to the distribution of the money thereunder, can be sustained. As to them the agreement was irrevocable, without the consent of all, so soon as the receiver had made sale of the logs. Upon such sale being consummated, the proceeds thereof rightfully belonged in the registry of the court, and it was the duty of such court to take jurisdiction of the same as a trust fund, and distribute it in accordance with the stipulation, even although some of the parties thereto objected to such a course being taken. We can see no reason why the case at bar did not give the court jurisdiction to proceed in the execution of said trust.

The refusal of the court to allow the plaintiff to introduce proof of such stipulation was error, and would require the reversal of the decree, and a re-trial upon that question, did not the full facts in regard thereto sufficiently appear in the record now before this court; but as it does, a new trial is not necessary, as this court can now direct the entry of the proper decree.

It follows that the action of the lower court in refusing the plaintiff any relief against the Bank of North Seattle was correct, but that it should have required defendant Crane

to have paid into court all the proceeds derived from the sale of the logs, and the same should have been by proper decree distributed *pro rata* among the holders of the several lien claims who were parties to such stipulation. The decree as to the defendant Crane must, therefore, be reversed, and the cause remanded with instructions to enter a decree in accordance with this opinion.

ANDERS, C. J., and DUNBAR, STILES and SCOTT, JJ., concur.