[No. 2155. Decided March 9, 1896.]

DAN McPHERSON, *Respondent*, v. L. SMITH *et al., Appellants.*

A. BAIRD, *Respondent,* v. L. SMITH *et al., Appellants.*

LOGS AND LOGGING — LIENS — APPEAL — REVIEW — INDEX OF RECORD.

A notice of a logging lien need not declare that the labor performed was performed on all the logs upon which the lien is claimed, as Laws 1893, p. 428, gives a lien upon all the logs of the person for whom the labor was performed, which belonged to him at the time of the filing of the claim.

The question of the sufficiency of a lien notice cannot be raised in the appellate court, although an objection was made to its introduction, when there is no exception to a finding by the court that the notice was sufficient, or a refusal of the court to make a finding on the subject.

Affirmative proof that the notice of a logging lien was properly indexed in the records of the auditor's office is not essential to recovery thereon.

Appeal from Superior Court, King County.— Hon. J. W. LANGLEY, Judge.　Affirmed.

*John G. Barnes,* for appellants.

*Thompson, Edsen & Humphries,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This is an appeal from a judgment rendered in a consolidated lien case. It is contended by the appellants that the lien notice was insufficient in that it does not declare that the labor performed was performed on the particular logs upon which the lien is claimed. The notice claims a lien "upon all of the saw logs of every kind and description belonging to L. Smith and A. E. Smith, a firm doing business under the firm name and style of the Kent Mill Company; which saw logs were cut in King county, Washington, and are now lying in the mill yard and mill pond of said Kent Mill Company, at Kent, King county, Washington." It then proceeds to set forth the contract for labor, asserts that the work was performed in securing, obtaining and assisting to cut and haul sawlogs, and closes by claiming a lien upon "all of the sawlogs of every kind and description in the mill yard and mill pond " of the mill above described.

We think this lien notice was sufficient under the law of 1893 (Laws, p. 428), which provides that every person performing labor upon, or who shall assist in obtaining logs, etc., shall not only have a lien upon the logs which he assisted in obtaining, but upon all other logs which at the time of the filing of the claim belonged to the person or corporation for whom the labor was performed. So that the lien is as definitely given upon logs upon which no labor was performed by the claimant as upon those for which labor was performed.

Again, § 4 of the same act, viz., ch. 132, distinctly provides for these two different characters of liens,

and discriminates between them as to priority as follows: "*Provided*, That as between liens for work and labor claimed by several laborers on the same logs or lot of logs, the claim or claims for work or labor done or performed on the identical logs proceeded against to the extent that said logs can be identified, shall be preferred as against the general claim of lien for work and labor recognized and provided for in this act;" and the lien notice in this case substantially complies with the provisions of § 7 of the same act.

But even if this were not true, a defect in the lien notice would not avail the appellants in this case, as no exception was taken to the notice. It is true that the appellants objected to the introduction of the lien notice, but, as was announced by this court in *Washington Brick, Lime & Mfg. Co. v. Adler*, 12 Wash. 24 (40 Pac. 383), this was not sufficient, for, in reviewing the statute in that case, we said: "There is no indication in this section that the fact that objection has been made to the introduction of testimony, or even exceptions taken to the rulings of the court upon the introduction of the testimony, will relieve from the necessity of making the exceptions to the findings of fact when such findings are made by the court." And that case has been followed by a long line of decisions since.

The findings of the court in this case were: (1) That all the allegations of the complaint in said two causes are true. (2) That after the notices of lien mentioned in said complaints were filed the defendants, without the consent of the plaintiffs, or either of them, sawed up the logs covered by said notices of lien and rendered said logs difficult, uncertain and impossible of identification. (3) That there is now due and unpaid from the defendants the amount for which judgment was rendered; and the fourth finding

was the amount which was due to the respondent Baird. The exception is "To each and every of the findings in said decision, decree and judgment, which are marked or numbered 1, 2, 3 and 4, and to the whole thereof." So that it will be seen that the exceptions do not cover the sufficiency of the lien notice, and no finding by the court on this subject was requested by appellants, and under the authority of the cases above referred to that question cannot be raised here for the first time.

There is nothing in the contention that this case falls within the rule announced in *Ritchie v. Griffiths*, 1 Wash. 429 (25 Pac. 341), for the reason that the record does not show that the lien notice was indexed. The case referred to did not go to that extent. A certified copy of the lien notice and proof of its record was competent evidence, and there was no allegation or proof that it was not properly indexed.

We think the court committed no error in its ruling upon the motion to re-tax costs.

There seems to be no merit in this appeal, and the judgment will be affirmed.

Scott, Anders and Gordon, JJ., concur.

Hoyt, C. J., dissents.