[No. 4340. Decided December 17, 1902.]

JAMES ROBINS, *Respondent,* v. L. L. PAULSON, *Appellant.*

APPEAL — INSUFFICIENCY OF EXCEPTIONS TO FINDINGS — AFFIRMANCE
OF JUDGMENT.

The insufficiency of appellant's exceptions to findings of fact
would not entitle respondent to an affirmance of the judgment,
since the question of whether the conclusions of law legitimately
flow from the findings of fact always remains open for investi-
gation.

LOGGING — LIEN ON MANUFACTURED LUMBER.

One who assists in cutting logs in the woods for a saw mill is
entitled to a lien upon the finished product after manufacture at
the mill, as long as such product remains under the control of the
manufacturer, when the latter is the same party who employed
the lien claimant to work in the woods.

Appeal from Superior Court, Clarke County.—Hon.
ABRAHAM L. MILLER, Judge. Affirmed.

*Mitchell & Tanner,* for appellant.

*A. H. Imus,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an appeal from a judgment establishing a lien on certain railroad ties and lumber in Clarke county, Washington. The respondent moves the court for judgment upon the findings of the court below and to affirm the judgment, for the reason that no exceptions have been taken to the findings of fact, specifically pointing out what parts of said findings are excepted to. The exception is general to all the findings of fact, and, under the rule announced in *McPherson v. Smith,* 14 Wash. 226 (44 Pac. 255), *Washington Brick, etc., Co. v. Adler,* 12 Wash. 24 (40 Pac. 383), and the uniform line of decisions on this subject, the exception was not sufficient unless it appears that all the findings were erroneous. Many of the findings in this case are uncontroverted. This, however, will not justify the affirmance of the judgment, but leaves always the question of whether the conclusions of law legitimately flow from the findings of fact, and, in this case, leaves for the consideration of the court the main contention of the appellant, that no lien attaches to lumber or railroad ties manufactured at the saw mill, for work and labor performed in the woods in obtaining the saw logs from which the lumber was manufactured. It is earnestly contended by the appellant that under the provisions of §§ 5930 and 5931, Bal. Code, there are two distinct liens, viz., a lien for performing labor on logs, etc., which lien must be filed upon said logs before they are manufactured into lumber, and a lien for persons performing work or labor or assisting in manufacturing said logs and other timbers into lumber and shingles. *Dexter Horton & Co. v. Sparkman,* 2 Wash. 165 (25 Pac. 1070), and *Winsor v.*

*Johnson,* 5 Wash. 429 (32 Pac. 215), are cited to sustain that contention. The former case decided simply that no lien was given by statute for the manufacture of shingles. In *Winsor v. Johnson, supra,* however, this question was before the court, and was decided in accordance with appellant's contention. But since those decisions the lien law has been amended; first in 1893, reported in Session Laws of that year, on page 19, the effect of which was to enlarge the definition of lumber, to make it include shingles and beams, joists, planks, boards and other articles manufactured from saw logs or other timber, and again in 1895, reported on page 175, Session Laws of that year (§ 1). Afterwards the question was again presented to the consideration of this court in *Campbell .v. Sterling Mnfg Co.,* 11 Wash. 204 (39 Pac. 451). There the identical proposition discussed in this case was determined, and it was held that persons engaged in cutting shingle bolts to be used in the manufacture of shingles were entitled, under the laws of 1893, to a lien upon the shingles as long as they were under the control of the manufacturer. The findings of fact in this case show that the spars and lumber, the subject of this lien, were, at the time of the filing of the lien and at the time of the trial, under the control of the manufacturer, who is the appellant, and that the work was done at his solicitation and by his authority. In the case above referred to it was said by this court, in construing the statute as amended in 1893:

"We think it is too narrow a construction of this act to hold that the lien should have been filed against the shingle bolts instead of against the manufactured article, as long as the shingles were under the control of the manufacturer."

The same rule was again announced in *Munroe v. Sedro Lumber & Shingle Co.,* 16 Wash. 694 (48 Pac. 405). We

are not prepared to say that a laborer, who was working for an employer engaged in the logging business for the purpose of manufacturing and selling logs, could neglect the provisions of the lien law as provided in § 5930, Bal. Code, and allow the logs to be sold to and manufactured by someone else, and then pursue the remedy provided in § 5931. But that is not this case. Here the facts found show that the business of the employer, the appellant in the cause, was to manufacture lumber and ties, and that the respondent performed labor and rendered assistance in procuring such logs and ties. The actual sawing of the timber is no more a part of manufacturing the same than the cutting and preparing of such timber for the saw. In one case the manufactured product of the laborer would be the log; in the other, the manufactured product would be the lumber. We therefore hold that in this case the respondent was entitled to his lien on the lumber.

The findings of the court, we think, sufficiently establish the fact that the lien notice was specific enough; but in any event an examination of the notice convinces us that it was so, and that the lumber was sufficiently described.

The judgment is affirmed.

REAVIS, C. J., and ANDERS and MOUNT, JJ., concur.