[No. 6477.   Decided March 12, 1907.]

WILLIAM GRAHAM, *Appellant*, v. GEORGE R. GARDNER *et al.*, *Respondents.*[1]

MECHANICS' LIENS — PERSONS ENTITLED — EMPLOYEES IN MILL — LOGS AND LOGGING. A laborer engaged in cutting logs in the woods at a distance from a mill, paid by the thousand feet, is not an employee of the mill or engaged in performing labor in its operation, within the meaning of Bal. Code, § 5919, giving an employee's lien upon all the mill company's property; his remedy being a logger's lien under Bal. Code, § 5930.

Appeal from a judgment of the superior court for Ferry county, Steiner, J., entered April 16, 1906, upon sustaining a demurrer to the complaint, dismissing an action to foreclose an employee's lien. Affirmed.

[1]Reported in 89 Pac. 171.

*G. V. Alexander,* for appellant.

*W. T. Beck* and *A. M. Craven,* for respondents.

CROW, J.—This action was commenced by the plaintiff, William Graham, to foreclose an employee's lien on a certain sawmill. He alleged that the defendants were the owners of the mill, being engaged in operating the same in the manufacture of lumber; that on or about January 8, 1904, the defendant E. A. Gardner entered into a verbal agreement with plaintiff whereby he promised to pay plaintiff $3 per thousand feet board measure for such sawlogs as plaintiff might cut and deliver at the mill, $2 per thousand to be paid when the logs were cut and scaled in the woods, and $1 per thousand when they were delivered; that the plaintiff did cut and deliver 379,250 feet board measure; that the aggregate value of his labor was $1,137.75, of which sum $335.18 still remains due and unpaid. The complaint by further allegations shows that the plaintiff took the necessary steps to assert and claim an employee's lien on the sawmill under Bal. Code, § 5919 *et seq.* (P. C. § 6133). To this complaint the defendants interposed a general demurrer. Before the demurrer was heard, the defendant E. A. Gardner died intestate, and his administrator, George R. Gardner, was substituted as a party defendant. Thereupon the demurrer was sustained, and the plaintiff having refused to plead further, a judgment was entered dismissing the action, from which judgment this appeal has been taken. During the pendency of the appeal, George R. Gardner resigned as administrator of the estate of E. A. Gardner, deceased, and W. T. Beck having been appointed administrator *de bonis non,* he has, by order of this court, been substituted as one of the respondents herein.

The controlling question raised by this appeal is whether the plaintiff is entitled to an employee's lien upon the sawmill, under the provisions of § 5919 *supra,* which reads as follows:

"Every person performing labor for any person, company or corporation, in the operation of any railway, canal or

transportation company, or any water, mining or manufacturing company, saw mill, lumber or timber company, shall have a prior lien on the franchise, earnings, and on all the real and personal property of said person, company or corporation, which is used in the operation of its business, to the extent of the moneys due him from such person, company or corporation, operating said franchise or business, for labor performed within six months next preceding the filing of his claim therefor, as hereinafter provided; and no mortgage, deed of trust or conveyance shall defeat or take precedence over said lien."

If the appellant is entitled to a lien under this section, the allegations of the complaint show that he has complied with all of the requirements of the succeeding § 5920 in taking the necessary steps to perfect the same. The respondent, however, contends that as the appellant was working under a contract to cut sawlogs in the woods and to deliver the same at the mill, he was not an employee performing labor in the operation of the mill, in contemplation of the statute, but that his right was to a logger's lien, under Bal. Code, § 5930 *et seq.* (P. C. § 6082). The appellant contends that he was not only entitled to a logger's lien but that he is also entitled, as a concurrent or additional remedy, to an employee's lien under § 5919, *supra*, and in support of such contention cites *Blumauer v. Clock*, 24 Wash. 596, 64 Pac. 844, 85 Am. St. 866. While there may be some expressions in the opinion cited which, on a casual examination, might seem to sustain appellant's contention, we do not think they do so. We have examined the original record in the *Blumauer* case and find there were a large number of employees actually working in the mill who were asserting liens thereon, also that there were two or three other claimants who had been cutting shinglebolts in the woods away from the mill under a contract similar to the one pleaded by the appellant herein. But the record further shows that a large number of shinglebolts were still in the possession or under the control of the millowners; that the parties who had been cutting such

shinglebolts had properly perfected their logger's liens thereon, and that their liens were held valid. While it is true the record further shows that these same parties were also asserting employee's liens on the mill under § 5919 *supra,* nevertheless the controlling question before this court was the validity of the chattel mortgage which the appellant mortgagees claimed was prior to any and all liens on the sawmill and other personal property which were asserted by the various claimants. The parties who had contracted to cut and deliver the shinglebolts held a valid logger's lien on the bolts so cut, hence, under the facts involved, it became an immaterial question whether they also held a valid employee's lien on the mill, and that question was not passed upon by this court. We fail to see that the case of *Blumauer v. Clock* is an authority supporting the appellant's contention herein. ·

The sole question now before us is whether the appellant was an employee in the mill or performed labor in its operation. The statute upon which he relies is remedial in its nature, having been enacted in the interest of labor, and liberal rules of construction should be applied in determining its scope, meaning and effect. But in applying such liberal rules of construction, violence should not be done to the actual language used. We do not think that any liberal construction which is at the same time reasonable would cause us to hold that one who is engaged in cutting logs in the woods at a distance from the mill under a contract by which he is to receive so much per thousand feet is an employee of the mill or engaged in performing labor in its operation. Were we to so hold there would be no limit to the number, variety, or character of persons who could claim such liens. Such an interpretation would result in giving the statute an effect not contemplated in its enactment. Our view is that the sole intention of the legislature was to provide a lien for all employees in and about the mill directly performing labor in its operation. In other words, to include persons who in the ordinary acceptation of the term could be considered as

the mill employees.    The trial court committed no error in holding that the appellant's remedy consisted in asserting a lien upon the logs under the provisions of § 5930 *et seq.*, and that he is not entitled to the lien which he now seeks to enforce.

The judgment is affirmed.

HADLEY, C. J., ROOT, FULLERTON, MOUNT, and DUNBAR. JJ., concur.