[No. 7256.  Decided May 25, 1908.]

JAMES O'CONNOR *et al., Respondents*, v. H. A. BURNHAM,
*Appellant*.[1]

LOGS AND LOGGING—LIENS—FINISHED PRODUCT.  Contractors get-
ting out logs, at so much per thousand feet, for immediate manu-
facture into lumber by the owner, are entitled to a lien upon the
finished product, under Bal. Code, § 5931, giving a lien for services
rendered in the manufacture of logs into lumber, and are not con-
fined to a lien upon the logs given by Bal. Code, § 5930.

SAME—ELOIGNMENT.  Where the logs were at all times owned by
one who manufactured them into lumber, the owner cannot defeat
a lien on the logs by claiming that he was only liable as an eloigner,
where the statute gave a lien on the finished product to any one
rendering services on the logs.

SAME—PERFORMANCE OF CONTRACT.  One claiming a lien on logs
under a contract to cut certain timber at $4 per thousand, payable
monthly as delivered, is justified in ceasing to work upon the owner's
refusal to make payments agreed upon.

Appeal from a judgment of the superior court for Thurs-
ton county, Linn, J., entered October 28, 1907, upon findings
in favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action to foreclose an employee's
lien.  Affirmed.

*Troy & Falknor*, for appellant, cited:  25 Cyc. 1585; *Lit-
tlefield v. Morrill*, 97 Me. 505, 54 Atl. 1109, 94 Am. St. 513;
*Graham v. Gardner*, 45 Wash. 648, 89 Pac. 171; *Dexter
Horton & Co. v. Sparkman*, 2 Wash. 165, 25 Pac. 1070;
*Campbell v. Sterling Mfg. Co.*, 11 Wash. 204, 39 Pac. 451;
*Blumauer v. Clock*, 24 Wash. 596, 64 Pac. 844, 85 Am. St.
966.

*Chas. D. King* and *Byron Millett*, for respondents.

MOUNT, J.—This action was brought to foreclose a lien
upon certain lumber.  At a trial the court found in favor of
the plaintiffs, and entered a decree foreclosing the lien for

[1]Reported in 95 Pac. 1013.

the amount, $241.40, besides attorney's fees and costs. The defendant H. A. Burnham has appealed.

The facts are in substance that, on October 19, 1906, the appellant was the owner of certain standing timber in Thurston county, and operating a sawmill on the Des Chutes river near the standing timber. On that day the appellant employed the respondents to cut a certain portion of that timber into sawlogs and place the logs in the river. The employment was oral. The agreement was, that the respondents should furnish men and teams and place the logs in the river, at $4 per thousand feet board measure; that the appellant should pay for the work on the 15th of each month, for the logs delivered in the river during the previous month. The logs were floated down to the mill and immediately cut into lumber. Between the 19th day of October, 1906, and the 19th day of December of the same year, the respondents placed in the river 296,584 feet of logs, upon which the appellant paid the respondents $940, leaving the balance unpaid. About the 15th of December, some dispute arose as to the measurement of the logs and the amount claimed to be due, and appellant refused to pay for certain logs theretofore delivered into the river until certain timber could be cut. Respondents thereupon ceased to work and filed the lien notice which is now being foreclosed.

It is claimed by the appellant that the respondents are contractors and are, therefore, not entitled to claim of lien under Bal. Code, § 5931 (P. C. § 6083), upon lumber manufactured from the logs; that respondents were entitled to claim a lien only upon the logs, under Bal. Code, § 5930 (P. C. § 6082). This question was directly passed upon in *Robins v. Paulson*, 30 Wash. 459, 70 Pac. 1113, where we held that persons cutting the logs in the woods for the manufacture of lumber were entitled to a lien upon the finished product at the mill. In the case of *Graham v. Gardner*, 45 Wash. 648, 89 Pac. 171, we held that persons employed in the woods cutting logs at a fixed price per thousand were not

entitled to a lien upon the mill where the logs were manu-
factured into lumber.    Some things were said in that case
which may be at variance with the holdings in *Robins v. Paul-
son, supra,* and cases therein cited, but it was not our inten-
tion to overrule those cases.

Appellant also argues that he must be held as an eloigner,
if he may be held at all; but what we have said above disposes
of this contention.    There is no element of cloignment in this
case.    The respondents cut and delivered the logs to the appel-
lant, who manufactured them into lumber at the mill.    The
logs were the property of the appellant at all times.    The ap-
pellant simply hired the respondents to go into the timber and
cut and deliver the logs to the mill, there to be manufactured
into lumber immediately.

It is next claimed that the respondents did not perform the
contract by keeping appellant supplied with logs sufficient to
keep the mill going, and that appellant was damaged thereby.
The evidence is in direct conflict as to whether the respondents
agreed to cut sufficient logs to keep the mill running; and we
are of the opinion that the evidence is insufficient upon this
point to base a finding of damages upon.    The evidence shows
that the capacity of the mill was much greater than the ability
of respondents to supply logs.    No complaint was made that
logs were not supplied fast enough until about the time re-
spondent ceased to work.    We are also of the opinion that the
respondents were justified in ceasing to work, by reason of the
refusal of appellant to make the payments as agreed upon.

We find no error in the record, and the judgment must there-
fore be affirmed.

HADLEY, C. J., ROOT, CROW, RUDKIN, FULLERTON, and
DUNBAR, JJ., concur.