[No. 7606. Decided April 13, 1909.]

## R. C. SMYTH, *Respondent*, v. LANCE & PETERS, INCORPORATED *et al.*, *Appellants*.[1]

APPEAL—REVIEW—FINDINGS. Findings upon conflicting evidence will not be reviewed on appeal where the trial judge was much better able to judge the evidence, and the supreme court cannot say that the evidence preponderates in favor of the appellant.

MECHANICS' LIENS—SUBCONTRACTOR—LIEN FOR SUMS PAID FOR LABOR. A person employed to do the plastering upon a building for the contractor, to be paid therefor the amount paid out to his men and a further sum for his own work and superintendence, is entitled to a lien for the amounts paid by him for the labor of his men, and for his own labor, according to the terms of the contract, although he did none of the actual work of the plastering, under Bal. Code, § 5900, giving a lien to any laborer for labor performed, and Bal. Code, § 5909 giving a lien to a contractor for any sum due on his contract after deducting claims of other parties for labor performed, and Bal. Code, § 5917, requiring the lien laws to be liberally construed.

Appeal from a judgment of the superior court for King county, Morris, J., entered April 13, 1908, upon findings in favor of the plaintiff, in an action to foreclose a mechanics' lien. Affirmed.

[1]Reported in 100 Pac. 995.

*John B. Van Dyke & T. F. Bevington,* for appellant Lance & Peters.

*Ira Bronson & D. B. Trefethen,* for appellant Seattle Park Company.

*Higgins, Hall & Halverstadt,* for respondent.

MOUNT, J.—The plaintiff brought this action to foreclose a laborer's lien against the building known as the Natatorium, at Luna Park, located upon certain tide lands, in the city of Seattle. A decree was entered in favor of the plaintiff, and the defendants appeal.

The main question in the case is one of fact. The Seattle Park Company let a contract to appellant Lance & Peters, Inc., for the construction of the building. The latter employed the respondent to do the work of plastering. The respondent claims that his contract with Lance & Peters, Inc., was to the effect that he should furnish men and do the work, and that his pay should be the amount he paid the men, plus $7 per day for himself, and ten per cent of the amount he paid the men; that the total amounted to $1,288.10, and that he had been paid the sum of $200 thereon; alleging a balance of $1,088.10. The appellant Lance & Peters, Inc., claims that the respondent agreed to do the whole work for $700; that he was paid $200, and that it tendered the balance, $500, before the action was brought. It is conceded that the contract was oral. The trial court, after seeing and hearing the witnesses, found the terms of the contract as claimed by the respondent. There is evidence to support each theory. The appellants claim that the preponderance of the evidence shows that the contract was for $700, and we are asked to reverse the finding of the trial court against them upon that question. We have carefully read all the evidence, and are not satisfied to say that the evidence preponderates in favor of the appellants. This is a case where the trial court was much better able to judge the evidence than we

are, and for that reason we decline to reverse the findings of the trial court upon the question.

It is contended by the appellant Seattle Park Company that the respondent acted merely as a superintendent, and therefore is not entitled to a lien against the building for the amount paid to the men whom he employed. There is some evidence to the effect that respondent was to be paid "a reasonable amount for the supervision of the work," but we think the evidence, taken as a whole, fairly shows that respondent agreed to do the work; that he employed and paid his men; that while he did not do the actual work of plastering with his own hands, he assisted therein by erecting scaffolding and directing the work. In other words, the work was done by him by men whom he employed at his own expense. The statute provides: "Every person performing labor upon . . . any . . . building has a lien upon the same for the labor performed." Bal. Code, § 5900 (P. C. § 6102). "The contractor shall be entitled to recover upon the claim filed by him only such amount as may be due him according to the terms of his contract, after deducting all claims of other parties for labor performed." Bal. Code, § 5909 (P. C. § 6111). And: "The provisions of law relating to liens created by this chapter, and all proceedings thereunder, shall be liberally construed with a view to effect their objects." Bal. Code, § 5917 (P. C. § 6119).

In *Powell v. Nolan*, 27 Wash. 318, 67 Pac. 712, 68 Pac. 389, in construing these and other provisions of the statute relating to liens, we said, on page 341:

"The other sections of the statute which we have cited clearly indicate that a subcontractor or contractor is to be regarded as performing labor upon the building, and is entitled to file lien claims therefor the same as laborers and materialmen, but subordinate to such liens. Construing the act, as we must, so as to give effect to every part thereof, we must hold that the contractor has a lien for the contract price, irrespective of the fact that he performed no service

further than overseeing the construction of the building according to his contract."

Under a similar statute, in *Blumauer·v. Clock*, 24 Wash. 596, 64 Pac. 844, 85 Am. St. 966, we held that, where one who had a contract to do certain work employed laborers to assist him, paying such laborers out of his own funds, where such hired labor in no wise changed the contract price or relations, such persons had a lien for such labor; and, also, to the same effect in *Robins v. Paulson*, 30 Wash. 459, 70 Pac. 1113, and *O'Connor v. Burnham*, 49 Wash. 443, 95 Pac. 1013. Under this rule the respondent was clearly entitled to a lien for work which was performed by himself and men employed and paid by him.

Some question is made by both appellants upon the amount the court found due, but the amount of the claim depends entirely upon the contract; and since the court found with the respondent upon that question, the amount claimed was settled by that finding, for there seems to be no dispute about the wages, or the number of days the men were engaged upon the work, or the amount of the credits.

We find no error in the record. The judgment must therefore be affirmed.

Dunbar, Chadwick, Fullerton, Crow, Gose, and Parker, JJ., concur.

Morris, J., took no part.