Argued October 28, decided November 26, 1912.

### DAY *v.* GREEN.

(127 Pac. 772.)

**Logs and Logging—Laborer's Lien—Enforcement—Statutes—
Construction.**

1.  Section 7461, L. O. L., provides that every person perform-
ing labor on, or who shall assist in obtaining saw logs has a
lien on the same for work and labor done, whether at the
instance of the owner or his agent, and Section 7462 declares
that every person performing labor on, or who shall assist in
manufacturing saw logs into lumber has a lien thereon while
the lumber remains in the yard where it is manufactured, etc.
Held that, where plaintiff was employed to deliver logs to defend-
ants' mill from their logging camp, and the mill continued to
cut the logs as they were delivered, and before the expiration
of the time for filing notice of lien most of the logs were manu-
factured into lumber, plaintiff was entitled to a lien on the lum-
ber which was manufactured from the logs, under Section 7461,
so long as the lumber could be identified as the proceeds of the
logs plaintiff secured, and not under Section 7462, which applies
not to the logger but to the operatives of the mill engaged in
manufacturing the logs into lumber.

**Appeal and Error—Objections Not Raised Below.**

2.  Where, in a suit to enforce a logger's lien, defendants were
permitted at the trial to contest every feature of the claim as
to the delivery of the logs, measurements, and payments made
from the beginning, and a statement rendered by defendants up
to and including hauling in December, 1910, was treated as an
admission by defendants only and not as evidence of an account
stated, defendants were not entitled to claim that such account

was an account stated, and as the complaint was on an open account, that there was a fatal variance.

From Wallowa: JOHN W. KNOWLES, Judge.

This is a suit by J. D. Day against J. H. Green and W. E. Pickering, partners, doing business under the firm name and style of Pickering & Green. From a decree in favor of plaintiff, defendants appeal. AFFIRMED.

For appellants there was a brief over the names of *Messrs. Sheahan & Cooley,* with an oral argument by *Mr. A. S. Cooley.*

For respondent there was a brief and an oral argument by *Mr. James A. Burleigh.*

Opinion by MR. CHIEF JUSTICE EAKIN.

This is a suit to foreclose a logger's lien. It is alleged that during the month of December, 1910, plaintiff delivered 133,000 feet of saw logs to the sawmill of defendants from their logging camp, under a contract with the defendants; and thereafter, in January, 1911, plaintiff filed a logger's lien therefor upon the lumber in the yard at the sawmill. The mill was cutting from the logs while they were being delivered so that before the expiration of the time for filing the notice of lien most of the logs had been manufactured into lumber. So far as appears, these were the only logs in the yard except a few that were cut immediately above the mill. Sections 7461, 7462, L. O. L., are parts of the same legislative act, and · provide for laborers' liens as follows, to wit:

"Section 7461. Every person performing labor upon or who shall assist in obtaining or securing saw logs, spars, piles, or other timber, has a lien upon the same for the work or labor done upon or in obtaining or securing the same, whether such work or labor was done at the instance of the owner of the same or his agent. The cook in a logging camp, and any and all others who may assist in or about a logging camp, shall be regarded

as a person who assists in obtaining or securing the saw logs, spars, piles, or other timber herein mentioned.

"Section 7462.    Every person performing labor upon, or who shall assist in manufacturing saw logs or other timber into lumber, has a lien upon such lumber while the same remains at the yard wherein manufactured, whether such work or labor was done at the instance of the owner of such lumber of his agent."

1.  Neither the notice of lien nor the complaint specified under which of these sections the lien is taken.    Counsel for the plaintiff in his brief seems to rely upon Section 7462.    However, we think the two sections were intended to meet different classes of cases; the one for security to the logger, and the other to the operatives in the mill, and to that extent we concur in the opinion of the Supreme Court of Washington (*Winsor* v. *Johnson*, 5 Wash. 429: 32 Pac. 215), upon which defendant relies; but we cannot assent to the other conclusion reached, namely, that the lien is necessarily lost to the logger when the logs are manufactured into lumber.    Such a ruling in many cases is necessary because the mill may be cutting from commingled logs, and the identity of the lienor's logs may be lost thereby, and in such a case his remedy is only under Section 7476, L. O. L., which makes the person who shall destroy the identity of the logs liable for the amount of the lien.    *Fischer* v. *Cone Lumber Co.*, 49 Or. 277 (89 Pac. 737).    But, while the identity of his logs can be followed, he should be protected in his lien thereon.    In such a case the justice of plaintiff's claim is apparent from the mere statement of it.    These lien statutes are remedial, and should be liberally construed in the interest of the laborer.    The lien is created in favor of the laborer, not from the time his work is completed, but from the time he begins it, and the filing of a notice is only a means of continuing it.    In this case, at the time for filing the notice, there were no logs, as such, against which he could file such a notice; and it

would have been a vain thing to have filed the notice against the logs. However, the logs were not destroyed, their form only being changed, and the lien continues upon them in any form while their identity can be determined, and while they remain in the possession of the original owner. In *Campbell* v. *Sterling Manufacturing Co.,* 11 Wash. 204 (39 Pac. 451), where it was contended that the notice should have been filed against the logs, it was held that the logger was entitled to a lien upon the shingles manufactured as long as they were under the control of the manufacturer. In that case the court said: "We think it is too narrow a construction of this act to hold that the lien should have been filed against the shingle bolts instead of against the manufactured article as long as the shingles were under the control of the manufacturer." We think the lien in such a case should be under Section 7461, and not under Section 7462, and that it follows the logs in their changed form. In this case the defendant owned the logs in the timber, manufactured them into lumber, and owned the lumber when cut; and if the lien were lost to the laborer when the logs are manufactured into lumber, then, under Section 7461, the plaintiff would be remediless because the logs were being cut as delivered, but no such result was intended by that section. In *Fischer* v. *Cone Lumber Co.,* 49 Or. 277 (89 Pac. 737), this principle is recognized, in which Judge SLATER says: "Defendant contends, however, that by sawing the logs into lumber the lien thereon which had existed by force of the statute was thereby destroyed. But this cannot be true, for the logs were not in fact destroyed. By the sawing their identity was doubtless rendered difficult, uncertain, or impossible; but the subject-matter of the lien still existed." This is the rule as to personal property where wrongfully taken from the owner, although not a parallel case to a lien in which the change in form is made

by the owner of the article, but there remains the same reason why the lienor should not lose his lien while the identity of the property remains. 1 Am. & Eng. Enc. Law (2 ed.), 250, note: 1 Cyc. 222. In *Alderson* v. *Lee,* 52 Or. 92 (96 Pac. 234), a different conclusion is announced, but the question was not involved on the appeal, the plaintiff there having acquiesced in the ruling of the circuit court to the effect that his lien did not follow the logs in their changed form, and therefore that question was not presented to the Supreme Court. The rule that the expression of one thing excludes all others has no application in this case, as stated in the latter opinion, for the reason that the lumber is the same thing upon which the lien is given, but the form of it changed through no fault of the lienor.

We conclude that the lien under Section 7461, as in this case, followed the logs in their changed form and attached to the lumber manufactured therefrom, while their identity can be followed, and that the form of notice of lien was sufficient to continue the lien; it being described as upon the lumber manufactured from the logs upon which plaintiff had a lien.

The Washington statute (Sections 1679, 1680, 1 Hill's Code) was identical with our present statute (Sections 7461, 7462, L. O. L.), under which the decision in *Winsor* v. *Johnson,* 5 Wash. 429 (32 Pac. 215), was rendered; and in 1893, Section 1680 was amended. Laws 1893, c. 10. So far as involved here, the change provided that the term "lumber" should be held to include logs and other timber sawed or split for use, and in *Robins* v. *Paulson,* 30 Wash. 460 (70 Pac. 1113), it was held that the lien on the logs was extended to the manufactured article, under Section 1680 (Section 5931, Ballinger's Code). And we think it is a reasonable application of Section 7461, L. O. L., to permit the lien to follow the logs into their changed form, such as lumber. By Sec-

tions 7461, 7462, 7463, 7476, L. O. L., it was evidently intended that each class of laborer should be fully protected in securing to the laborer wages for labor performed upon the logs or lumber, and the statute should be liberally construed to that end.

This brings us to. the question as to the amount due plaintiff. The defendants allege that plaintiff commenced hauling logs in June, 1910, under a contract, and that the hauling which is the basis of the lien was done under that contract; that plaintiff, during the whole time, hauled 100,000 feet of logs at $1.75 a thousand feet and 533,126 feet at $2.00 a thousand feet, of the total value of $1,241.25, and that the defendants have paid him thereon $1,256.60, $15.35 more than was due. Plaintiff, by reply, admits the payment of $1,256.60, but alleges that a portion thereof was payment upon other items, and that besides the 100,000 feet, as to which there is no controversy, he hauled 498,154 feet prior to the 5th day of October; that thereafter plaintiff and defendants had a settlement in relation thereto in which there was found due to plaintiff, over and above all payments made thereon, the sum· of $490.10, in which were included some other small items of credit amounting to $92.50; that thereafter, in the month of December, he hauled 133,118 feet, which is the hauling for which the lien was filed; that thereafter, on January 3, 1911, plaintiff had a settlement with the defendant, in which there was found due to plaintiff the sum of $266.23 for hauling logs in December, 1910, $490.10, the balance found due for the hauling prior to October 5th, and $13 for hay and grain, making $769.33 in all, and that there was due to the defendants $6.60 for merchandise, and $30 deduction on hauling for which plaintiff was to make no charge, and at that time defendant paid to plaintiff $500, leaving due plaintiff the amount sued for, $232.73.

2. The fifth finding of fact by the circuit court is to the effect that plaintiff and defendants had a settlement of the account for December as well as all previous hauling pleaded in the answer, as disclosed by a statement made by defendants in writing and delivered to the plaintiff, and defendants contend that this constitutes an account stated and is a variance from the complaint, which is upon an open account, but this contention is without merit. The circuit court in findings Nos. 2 and 4 finds the facts in plaintiff's favor as to the hauling of 133,118 feet of logs, and the amount earned, $266.23, no part of which has been paid except the sum of $33.50. Upon the trial defendant was allowed to contest every feature of the claim as to the delivery of the logs, measurements, and the payments not only for the December hauling, but for the whole time from June, 1910; and the statement rendered by defendants to the plaintiff was used against them upon the trial as an admission only, and not as evidence of an account stated. No good purpose can be subserved by review of the evidence.

It is sufficient to say that, after a thorough examination of it, we find that it fully sustains the findings of the circuit court, and the decree is affirmed.

AFFIRMED.