## COBB v. McDONALD-WEIST LOGGING CO.

(Circuit Court of Appeals, Ninth Circuit. December 5, 1921.)

No. 3699.

1. **Bankruptcy ⟨⟩314(3)—Corporations ⟨⟩657(3)—Statute avoiding contracts by foreign corporations not complying with law not applicable, when neither party was a citizen; failure of foreign corporation to file statements held not to justify striking out claim filed on contract with such corporation.**

   Comp. Laws Alaska 1913, § 660, avoiding contracts made with a citizen of that district by a foreign corporation or company failing to comply with statutory provisions as to filing statements or certificates, has no application, where neither of the parties to the contract was a citizen of Alaska, and failure to file such statements furnishes no ground for striking out a claim in bankruptcy based on such a contract.

2. **Bankruptcy ⟨⟩314(3)—Statute avoiding contracts for failing to file certificates inapplicable, where bankrupt has accepted benefits.**

   Comp. Laws Alaska 1913, § 657, making every contract entered into by any foreign corporation, or any company, or any agent, without first having filed statements, certificates, and consents, voidable at the election of the other party thereto, furnishes no ground for striking out a claim in bankruptcy by a foreign corporation, where the bankrupt corporation had accepted the benefits of the contract with the claimant.

3. **Bankruptcy ⟨⟩254—Trustee held not entitled to elect to declare bankrupt's contract void.**

   Where a bankrupt corporation has accepted the benefits of a contract made with a foreign corporation, which has failed to comply with Comp. Laws Alaska 1913, § 657, making contracts by a foreign corporation or its agents voidable at the election of the other party, where statements have not been filed as required, the trustee of the bankrupt cannot exercise the option of declaring such contract void.

Appeal from the District Court of the United States for Division No. 1 of the District of Alaska; Robert W. Jennings, Judge.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

See, also, 266 Fed. 692.

John H. Cobb, of Juneau, Alaska, for appellant.

Roden & Dawes, of Juneau, Alaska, and Arthur I. Moulton, of Portland, Or., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. The judgment appealed from in this case affirmed an order made by the referee in bankruptcy, refusing to expunge from the list of claims against the bankrupt a claim filed by the appellee for $27,871.50, with interest thereon from December 20, 1918, at 8 per cent. per annum as a general claim, and remanding the cause to the referee for further proceedings.

The contention of the appellant is that the claim was based on a void contract and therefore unenforceable. Both the appellee and the bankrupt were corporations of the state of Washington. By the law of Alaska all corporations and joint-stock companies organized under the laws of the United States or the laws of any state or territory thereof were required before doing business within the district of Alaska, to file in the office of the secretary of the district and in the office of the district court of the division wherein they intended to carry on business, certain designated, statements, certificates, and consents, and should forfeit a certain designated amount of money. Comp. Laws of Alaska, § 654. et seq. Section 657 of such Compiled Laws is as follows:

"If any such corporation or company shall attempt or commence to do business in the district without having first filed said statements, certificates, and consents required by this chapter, it shall forfeit the sum of twenty-five dollars for every day it shall so neglect to file the same; and every contract made by such corporation, or any agent or agents thereof, during the time it shall so neglect to file such statements, certificates, or consents, shall be voidable at the election of the other party thereto. It shall be the duty of the United States attorney for the district to sue for and recover, in the name of the United States, the penalty above provided, and the same, when so recovered, shall be paid into the treasury of the United States."

And section 660 provides that:

"If any such corporation or company shall fail to comply with any of the provisions of this chapter, all its contracts with citizens of the district shall be void as to the corporation or company, and no court of the district, or of the United States, shall enforce the same in favor of the corporation or company so failing."

[1] Since neither of the parties to the contract in question was a citizen of Alaska, we quite agree with the court below that section 660 of the statute of that territory, making void any and all contracts made with a citizen of that district by a foreign corporation or company failing to comply with the provisions above referred to, has no application to the present case.

[2] The provision of section 657, making every contract entered into by any foreign corporation or company, or by any agent or agents thereof, without having first filed the required statements, certificates, and consents "voidable at the election of the other party thereto," is also plainly inapplicable to the present case, for the reason, not only that it does not appear that the bankrupt corporation ever elected to treat the contract it made with the appellee as void, but, on the contrary, it affirmatively appears from the record that it accepted the benefit of the contract to a large extent. See section 6708 of Thompson on Corporations, 2d Ed., and the numerous cases there cited.

[3] That the trustee of the bankrupt cannot under such circumstances be permitted to exercise such option is too plain for discussion.

The judgment is affirmed.