## McDONALD-WEIST LOGGING CO. v. COBB.

(Circuit Court of Appeals, Ninth Circuit.· December 5, 1921. Rehearing Denied January 9, 1922.)

### No. 3704.

Logs and logging ⬢⇒27(4)—Corporation a "person," within statute conferring lien for labor on logs.

Under Comp. Laws Alaska 1913, § 709, giving every person performing labor on or who assists in obtaining or securing sawlogs, a lien for work or labor done, a corporation contractor may claim a lien, as being included within the word "person."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Person.]

Appeal from the District Court of the United States for Division No. 1 of the District of Alaska; Robert W. Jennings, Judge.

Proceeding by the McDonald-Weist Logging Company against E. L. Cobb, as trustee in bankruptcy of the Craig Lumber Company, bankrupt. From a decree for defendant, plaintiff appeals. Reversed and remanded, with directions.

Roden & Dawes, of Juneau, Alaska, and Arthur I. Moulton, of Portland, Or., for appellant.

John H. Cobb, of Juneau, Alaska, for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. This case is related to Cobb, Trustee, v. McDonald-Weist Logging Company, 278 Fed. 165, wherein we held that the contract between the Craig Lumber Company and the McDonald-Weist Logging Company was valid and enforceable.

The point presented by this appeal is whether the McDonald-Weist Company could lawfully claim a lien filed for work done in cutting certain logs pursuant to the terms of the contract. Section 709, Compiled Laws of Alaska, provides:

⬢⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"Every person performing labor upon, or who shall assist in obtaining or securing, sawlogs * * * or other timber shall have a lien upon the same for the work or labor done upon or in obtaining or securing the same, whether such work or labor was done at the instance of the owner of the same or his agent. The cook in a logging camp and any and all others who may assist in or about a logging camp shall be regarded as a person who assists in obtaining or securing sawlogs * * * or other timber mentioned herein."

It is argued that the statute does not give a lien to a contractor or a corporation. The general rule is that a corporation is included within the word "person." Lewis' Sutherland, Statutory Construction, 770; 14 C. J. 1233. In Wetzel & T. R. Co. v. Tennis, 145 Fed. 458, 75 C. C. A. 266, 7 Ann. Cas. 426, after specifying that at common law a corporation is deemed a person, when the circumstances in which it is placed are identical with those of a natural person, the court, citing many cases, held that, where a lien is given to every workman, laborer, or other person the right could be claimed by a corporation. The remedy is designed to be general in favor of the party by whom the service is rendered. Such a view appeals to us as a fair construction of the Alaska statute. Gaskell v. Beard, 58 Hun, 101, 11 N. Y. Supp. 399; Day v. Green, 63 Or. 293, 127 Pac. 772; Doane v. Clinton, 2 Utah, 417; Chapman v. Brewer, 43 Neb. 890, 62 N. W. 320, 47 Am. St. Rep. 779; Bloom on Liens, Sec. 44. Statutes which contain restrictive words or expressions, such as those which give the right of lien for "personal services" or "manual labor," are (17 R. C. L. 1118) to be distinguished from the Alaska statute, which is general in its terms, and in which we find no language indicative of the intention to restrict the operation to natural persons only.

The decree is reversed, and the case remanded, with directions to proceed in accordance with the view herein indicated.

Reversed.