Argued and submitted October 17, 1986, affirmed in part, reversed in part and remanded April 22, 1987

C & V, INC.,
*Respondent,*

*v.*

DAW FOREST PRODUCTS COMPANY, L.P.,
*Appellant.*

(37477; CA A37685)

735 P2d 1244

William M. Holmes, Bend, argued the cause for appellant. With him on the briefs was Gray, Fancher, Holmes, Hurley & Bischof, Bend.

Gerald A. Martin, Bend, argued the cause for respondent. With him on the brief was Francis & Martin, Bend.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Plaintiff brought this action against defendants DAW Forest Products Company (DAW) and Ga-Lar Logging, Inc. (Ga-Lar) to foreclose a logger's lien or, alternatively, to recover damages in the amount of the lien. The trial court held that the lien was unenforceable but granted plaintiff damages in the amount of the lien against both defendants.[1] No attorney fees were awarded. DAW appeals the award of damages against it and the failure to award it attorney fees; plaintiff cross-appeals the failure to award it attorney fees.[2] We reverse the award of damages to plaintiff and the denial of attorney fees to DAW and affirm the denial of attorney fees to plaintiff.

The facts are not in dispute. DAW owned some standing timber and contracted with Ga-Lar to fall, skid, load and haul the logs to DAW's mills. Ga-Lar later subcontracted with plaintiff to have it do some of the loading and hauling. Plaintiff loaded 19 loads and hauled 57 loads of logs to DAW between August 14 and September 14, 1984. Other truckers also hauled logs to DAW during that period. The logs were processed within a couple days of their delivery, and the lumber processed from the deliveries of the various truckers was comingled so that it was impossible to identify any particular lumber as being from a particular trucker. On September 14, 1984, Ga-Lar had failed to pay plaintiff for its part in the logging and hauling, and on September 24, 1984, plaintiff filed a logger's lien, pursuant to ORS 87.222. A copy of that lien was hand-delivered to the office of DAW on September 28, and it received another copy by certified mail on October 2. When DAW refused to pay the amount of the lien, plaintiff brought this action.

After trial to the court, the court held that plaintiff's lien was unenforceable, because the identity of the logs could not be followed or traced into the processed lumber. Plaintiff does not assign error to that holding and, therefore, we do not review it.

---

[1] On plaintiff's motion, its claim against defendants Hunter and Hale was dismissed without prejudice. Neither of them had been served with a summons or had made an appearance in the case.

[2] Ga-Lar did not appeal.

■      The court next concluded that plaintiff "is entitled, in the alternative, to recover the amount it lost from its lien by reason of the disposition of the logs and lumber by DAW," citing *Day v. Green,* 63 Or 293, 127 P 772 (1912), and *Fischer v. Cone Lumber Company,* 49 Or 277, 89 P 737 (1907). In those cases, the Supreme Court first held that the plaintiffs' liens continued on the logs in their processed form so long as their identity could be determined *and* they remained in possession of the original owner; then the Court awarded the plaintiffs damages on the sole basis of the statutory remedy provided by *former* ORS 87.675,[3] which provided:

> "Any person, firm or corporation who shall injure, impair or destroy, or *who shall render difficult, uncertain or impossible of identification, any saw logs, upon which there is a lien,* as herein provided, without the express consent of the person entitled to such lien, shall be liable to the lienholder for the damages to the amount secured by his lien, which sum may be recovered by an action against such person, firm or corporation * * *." (Emphasis supplied.)

That statute was repealed in 1975, *see* n 3, *supra,* when the statutory lien laws were revised. That same year ORS 87.332 was enacted:

> "[A]ny person to whom a notice of claim of lien has been given as provided in ORS 87.242 * * * *who dismantles, removes from this state, misdelivers or conceals a chattel or the proceeds of the sale of a chattel upon which there is a valid lien* without the written consent of the lien claimant, shall be liable to the lien claimant for damages proximately resulting therefrom, which sum may be recovered in an action at law without instituting foreclosure proceedings." (Emphasis supplied.)

The significant difference in the wording of the two statutes supports the conclusion that ORS 87.332 is not merely a rewriting of *former* ORS 87.675. Therefore, cases that interpret *former* ORS 87.675 are not necessarily applicable in interpreting ORS 87.332, and we hold that they are not applicable in this case. The trial court, therefore, erred in

---

[3] *Former* ORS 87.675, *repealed by* Or Laws 1975, ch 648, § 73, effective January 1, 1976, was identical to Section 5692, B. & C. Comp. and Section 7476, L.O.L., the statutes construed in *Fischer v. Cone Lumber Company, supra,* and *Day v. Green, supra,* respectively.

awarding damages to plaintiff in reliance on *Day v. Green,*
*supra,* and *Fischer v. Cone Lumber Company, supra.*

Next, in reviewing DAW's conduct as it relates to
ORS 87.332, the record contains neither allegations nor evi-
dence that DAW "dismantle[d], remove[d] from this state,
misdeliver[ed] or conceal[ed]" logs or proceeds of logs deliv-
ered by plaintiff. Plaintiff therefore is not entitled to recover
damages under ORS 87.332. Similarly, the record contains no
evidence that DAW wrongfully disposed of the logs, and we
decline to award damages to plaintiff on that basis. *Cf.*
*Farmer's Feed v. Industrial Leasing,* 286 Or 311, 317, 594 P2d
397 (1979) (defendant wrongfully removed lien-subject prop-
erty out of state after receiving statutory notice of the lien;
court, sitting in equity, awarded damages on that basis).

Finally, DAW did not enter into a contract with or
promise to pay plaintiff for its hauling and loading of logs, and
the circumstances do not demonstrate that there was an
implied promise to pay.[4] DAW thus had no contractual obliga-
tion to pay plaintiff for its services. *Feris v. Balcom,* 249 Or
343, 347, 432 P2d 684 (1967), *appeal dismissed* 390 US 458
(1968). We reverse the award of damages to plaintiff by the
trial court.

■ Both DAW and plaintiff assign error to the denial of
an award of attorney fees by the trial court. ORS 87.336 pro-
vides:

> "In suits to foreclose the liens created by ORS 87.216 to
> 87.232, the court shall, upon entering judgment for the lien
> claimant, allow as part of the lien the moneys paid for the
> filing or recording of the lien as provided in ORS 87.910. *The*
> *court shall allow reasonable attorney fees at trial and on*
> *appeal to the prevailing party."* (Emphasis supplied.)

Because the statute uses mandatory language and because
DAW has prevailed in plaintiff's action to foreclose its lien,
the trial court erred in denying attorney fees to DAW. Because
plaintiff did not prevail, the court did not err in denying it an
award of attorney fees.

Judgment for plaintiff reversed; denial of attorney
fees to DAW reversed; denial of attorney fees to plaintiff

---

[4] DAW paid Ga-Lar in full.

affirmed; remanded for a determination of reasonable attorney fees for DAW.