Argued and submitted December 7, 1992, reversed and remanded June 2, 1993

GREEN VALLEY INDUSTRIES, INC.,
an Oregon corporation,
*Plaintiff,*

*v.*

George F. KEECH,
dba C & K Farms,
*Defendant,*

*and*

AMERICAN SEED PRODUCERS, INC.,
an Oregon corporation,
*Respondent,*

*and*

MEEKER FERTILIZER COMPANY,
an Oregon corporation,
*Appellant.*

AMERICAN SEED PRODUCERS, INC.,
an Oregon corporation,
*Third-Party Plaintiff,*

*v.*

William D. BRANDT
and Ferder, Ogdahl, Brandt & Casebeer,
*Third-Party Defendants.*

(91C-10222; CA A74200)

853 P2d 318

Donald H. Upjohn, Salem, argued the cause for appellant. With him on the briefs was Heltzel, Upjohn, Shaw, Williams, Yandell & Pearsall, P.C., Salem.

Willard Bodtker, Albany, argued the cause and filed the brief for respondent.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

In this foreclosure action, defendant Meeker Fertilizer Company (Meeker) cross-claimed against defendant American Seed Producers, Inc., (Seed), pursuant to ORS 87.332. Both parties moved for summary judgment. The trial court granted Seed's motion and dismissed the claim. Meeker appeals, and we reverse.

Seed accepts Meeker's statement of facts, and we take the relevant facts as they are recited in Meeker's brief:

"Meeker is a supplier of fertilizer and agricultural chemicals with its principal office in Salem, Oregon. Defendant Keech operates a large farm in Marion County. Seed is a purchaser and seller of grass seed with its principal office in Albany, Oregon.

"In the spring and summer of 1989, Meeker supplied a substantial amount of fertilizer and chemicals to Keech for use on his rye grass crop. On or about July 12, 1989, Meeker filed with the Secretary of State its notice of claim of lien for farm materials in the amount of $57,383.92. After filing the notice of claim of lien, Meeker sent a copy of the notice of claim of lien to defendant Keech as provided by ORS 87.252. There was no other agricultural service lien on file at such date, nor was there any security interest holder in the crop. In addition, Meeker sent copies of the notice to four other possible recipients of Keech's crop but not to Seed.

"* * * On or about November 8, 1989, Meeker received a distribution from [Keech's attorney] of $14,040 which was applied on Keech's 1989 account. Meeker received no further payment on the 1989 account. The balance after the partial payment was $45,269.60.

"In late December, 1990, and early January, 1991, Meeker, realizing that the time for foreclosure of its agricultural service lien was due to expire, investigated the situation including conducting conversations with defendant Keech and various grass seed companies. Based on these discussions, Meeker determined that Keech had no further 1989 crop available for foreclosure and, therefore, decided not to foreclose its lien but to consider a personal judgment against Keech at a later date.

"In February, 1991, after its lien had expired and while preparing its response to [the foreclosure plaintiff's] complaint, Meeker discovered that portions of defendant Keech's

1989 crop with a value of approximately $22,256.95 had been delivered to Seed between August 7 and October 25, 1990 while Meeker's lien was still in effect. Seed, in turn, sold the crop and distributed the proceeds on Keech's direction to Wilco Farmers in the amount of $13,482.85 and William Brandt, Keech's attorney, in the amount of $8,783.11.

"Meeker was given no notice of these transfers, nor did Meeker consent to the transfer and disposition of the proceeds as provided by ORS 87.332. Mr. Brandt did not pay to Meeker any of the funds delivered to him; rather, he sent $1,500 to other creditors of Keech and applied the rest toward his attorney's fees." (Footnote and citations to record omitted.)

The principal issue is whether the fact that Meeker did not send Seed a notice of its claim of lien precludes it from bringing an action under ORS 87.332. That statute provides:

"Except for a person holding a prior duly perfected security interest in a chattel subject to a lien created by ORS 87.216, *any person to whom a notice of claim of lien has been given as provided in ORS 87.242, 87.252 and 87.306* who dismantles, removes from this state, misdelivers or conceals a chattel or the proceeds of the sale of a chattel upon which there is a valid lien without the written consent of the lien claimant, shall be liable to the lien claimant for damages proximately resulting therefrom, which sum may be recovered in an action at law without instituting foreclosure proceedings. The court shall allow reasonable attorney fees at trial and on appeal to the prevailing party." (Emphasis supplied.)

ORS 87.242 provides for the filing of written agricultural lien claim notices with the Secretary of State. It contains no internal requirement of direct service of the notice on any persons, including other lienholders or secured parties. However, notices that are filed with the Secretary are public records. ORS 87.246(2). ORS 87.252 requires that persons filing notices must send a copy to the owner of the encumbered chattel and to all holders of perfected security interests in the chattel. Under ORS 87.306, before foreclosing on a lien, the claimant must send copies of the notice to the holders of recorded liens on the chattel and of perfected security interests in it.

In sum, persons to whom notices of lien claims have been given pursuant to ORS 87.242, ORS 87.252 and ORS 87.306 are amenable to the action that ORS 87.332 establishes. Seed was not a holder of any of the interests to which the notice requirements of ORS 87.252 and ORS 87.306 apply, and ORS 87.242 does not require that notices of agricultural lien claims be sent or delivered to anyone but the Secretary.

Seed contends, and the trial court agreed, that the sending or delivery of notice to the person against whom the claim is asserted is a condition precedent to the bringing of an action under ORS 87.332, even when, as here, the person has no statutory right to direct notice. Therefore, according to Seed,

> "a claim could only be made under ORS 87.332 [against] a person to whom a notice of the claim of lien has been sent pursuant to ORS 87.252 or ORS 87.306."

Because Seed was entitled to no direct notice and received none, it concludes that the claim is not viable.

Meeker argues that the word "given" in ORS 87.332 does not mean "sent," as Seed's argument presupposes. ORS 87.242 does not provide for the sending of notice to anyone, but it, as well as ORS 87.252 and ORS 87.306, is one of the statutes specified in ORS 87.332 pursuant to which notice can be "given." Meeker concludes that the meaning of the language of ORS 87.332 that is emphasized in our initial quotation of it is that the filing of the notice with the Secretary, under ORS 87.242, "gives" constructive notice to all persons, and that that is sufficient notice to sustain an action under ORS 87.332 against any person who is not entitled to more direct notice under ORS 87.252 or ORS 87.306. We agree with Meeker's understanding of the statute, and with its suggestion that Seed's contrary interpretation would necessitate a judicial repeal of the reference in ORS 87.332 to ORS 87.242, and would render the statute senseless. Meeker is entitled to proceed with its claim under ORS 87.332.

Seed also argues that the claim is foreclosed by ORS 87.266(2) and by our holding in *C & V, Inc. v. DAW Forest Products Co.*, 85 Or App 58, 735 P2d 1244 (1987). It suffices

to say that we do not agree with Seed's reading of either the *statute* or *the case*.

Reversed and remanded.