[No. 2048. Decided December 30, 1895.]

H. N. SWARTWOOD *et al.; Appellants*, v. RED STAR SHINGLE COMPANY *et al., Respondents.*

LOGGERS' LIENS — MANUFACTURE OF SHINGLES — REMOVAL FROM MILL.

The removal of shingles by a purchaser from the mill in which they were manufactured, before the filing of a logger's lien thereon, precludes the acquisition of a lien under Laws 1893, p. 428, § 2, providing that every person performing work in manufacturing sawlogs and other timber into lumber and shingles has a lien upon such lumber while it remains at the mill or in possession or under the control of the manufacturer.

Appeal from Superior Court, Skagit County.—Hon. HENRY McBRIDE, Judge. Affirmed.

*B. B. Fowle,* and *George A. Joiner,* for appellants.
*Million & Houser,* for respondents.

The opinion of the court was delivered by

Dunbar, J.—This case comes here solely upon an exception to the conclusions of law found by the court below. No exceptions were taken to the findings of fact, in fact they do not appear in the record, so that (no questions having been raised as to the sufficiency of the pleadings) the only question is: Do the findings of fact sustain the conclusions of law announced by the court? The action is brought jointly by appellants as plaintiffs against the Red Star Shingle Company, a corporation, and Fred Wiles, W. A. Pitts and Robert Fraser, respondents, who, it is alleged in the complaint, claim some interest in the shingles, a lien upon which is sought to be foreclosed. The court found that the work had been done by the plaintiffs as alleged in the complaint; that the amount alleged to be due them was due them from the defendant, the Red Star Shingle Company, and that they had duly filed their liens for service rendered on said shingles on the 9th day of July, 1894. It also found that prior to the filing of the liens, viz., on the 5th day of May, 1894, the Red Star Shingle Company had sold to the respondents the shingles upon which the plaintiffs were attempting to foreclose a lien; that on the 9th day of May, 1894, the respondents (defendants in the action below) took possession of said shingles and removed them from the mill where they were manufactured to the warehouse on the railroad, which was about a quarter of a mile from the shingle mill, which warehouse had been used by the Red Star Shingle Company for storing and shipping their shingles when they could not get cars to load into direct; that on the 5th day of May, 1894, at the time of the sale of these shingles to the respondents, the Red Star Shingle Company executed and delivered to them a bill of sale for the same, which bill

of sale was recorded in the office of the auditor of Skagit county on the 8th day of May, 1894; that the plaintiffs did not know that said shingles had been sold to the defendants, not being actually apprised of the giving and recording of said bill of sale, but knew that said shingles had been removed to said warehouse by the defendants Wiles, Pitts and Fraser, with their teams; and as a conclusion of law from said facts the court found that the plaintiffs had no lien or right of lien upon said shingles, and that the defendants Wiles, Pitts and Fraser were entitled to have plaintiffs' complaint dismissed as to them, and to have judgment for their costs and disbursements, and judgment was entered accordingly.

There is very little that can be said on this proposition. The statute governing this case (§ 2, ch. 132, Laws of Washington, 1893) provides that—

"Every person performing work or labor or assisting in manufacturing sawlogs and other timber into lumber and shingles, has a lien upon such lumber while the same remains at the mill where it was manufactured, or in the possession or under the control of the manufacturer."

The court having found in this case that the shingles were not remaining at the mill at the time the lien was filed, that they were not in the possession or under the control of the manufacturer, but that they had been sold to the defendants, who had taken possession of them and removed them from the mill where they were manufactured, it would seem that the court was powerless under the law to arrive at any other conclusion than the one announced that the plaintiffs had no lien or right of lien upon said shingles.

The judgment will be affirmed.

HOYT, C. J., and ANDERS, GORDON and SCOTT, JJ., concur.