[No. 2776. Decided December 11, 1897.]

J. F. Judge et al., *Respondents*, v. Bay Mill Com-
pany, *Defendant*, E. F. Neiharge et al., *Appellants*.

LABORER'S LIENS — MANUFACTURE OF SHINGLES — RIGHT TO LIEN
AFTER SALE AND DELIVERY TO CARRIER — CONSTRUCTION OF STATUTE.

One performing labor in the manufacture of shingles is not
entitled to a lien thereon, under Laws 1893, p. 428, § 2 (Bal. Code,
§5931), providing that "every person performing work or labor
or assisting in manufacturing saw logs and other timber into
lumber and shingles, has a lien upon such lumber while the same
remains at the mill where it was manufactured, or in the posses-
sion or under the control of the manufacturer," when it appears
that the shingles although still in close proximity to the mill
where manufactured, had been loaded upon a car on a sidetrack
along the mill, but on land of the railway company, that the car
had been sealed and a bill of lading delivered to the purchaser
of the shingles, that full delivery had been made by the manu-
facturer and that the shingles had in fact passed out of his pos-
session and from under his control.

Appeal from Superior Court, King County.—Hon.
William Hickman Moore, Judge. Reversed.

*Ballinger, Ronald & Battle*, and *S. M. Shipley*, for ap-
pellants.

*W. D. Lambuth*, for respondents.

The opinion of the court was delivered by

Scott, C. J.—This action was brought to foreclose labor-
ers' liens on a quantity of shingles, and, the liens being sus-
tained, the intervenors have appealed. The sole question
to be determined is whether the shingles were at the
mill where they were manufactured, or under the con-
trol of the manufacturer, within the provisions of section
2, Laws 1893, p. 428 (Bal. Code, § 5931). The evidence
is not brought here, the contention being that the decree

is not supported by the findings of fact. The court found that the mill company sold the shingles in controversy to the intervenor, Neiharge, on the 27th day of May last; that the Seattle & International Railway Company was a common carrier of goods, and owned a switch or branch track running from its main line along and adjoining land owned by the mill company upon which the mill was situated, which switch was built and used for the purpose of standing cars thereon while shingles were being loaded in the cars for shipment. By the contract of sale the mill company was to deliver the shingles to Neiharge on board a car, and that by the direction of the mill company the railway company placed a car on said switch so that said shingles might be loaded thereon, and that said mill company put the shingles on the car on the third day of June, whereupon the car was boxed up and sealed, and on said day the railway company issued to Neiharge a bill of lading in the usual form, by the terms of which the railway company were to transport such shingles to Craig, Mo., and deliver the same to the order of intervenor, Andrews. The mill company did not own the land upon which the track was situated, but the same belonged to the railway company. On said day the mill caught fire and was wholly destroyed, and the car containing the shingles in question was then standing on said switch track, and was standing there when the plaintiffs' liens were filed, on the day following. The car had been pushed a short distance along the track, away from the mill, to prevent its burning, but we do not regard this as material, for, independent of such fact, we are of the opinion that under the findings the shingles could not be brought within the provisions of the statute to enable the plaintiffs to maintain a lien thereon. A distance of a few feet, more or less, could not affect this question, but the shingles had been sold and delivered to a common carrier

for shipment, and had passed out of the possession of and from under the control of the manufacturer, and in contemplation of law were as much removed from the mill and from the control and possession of the manufacturers as if they had been delivered at their final destination in pursuance of the bill of lading. While said statutes should receive a liberal interpretation in favor of lien claimants, to sustain the liens here would render uncertain and insecure all dealings in the purchase and sale of such merchandise, and the decree should have been in favor of the intervenors.

Reversed and remanded accordingly.

GORDON, DUNBAR and REAVIS, JJ., concur.