[No. 8665. Department One. September 2, 1910.]

KENNETH McLEOD et al., Respondents, v. JOEL W. RUSSELL, Appellant.[1]

APPEAL—REVIEW—HARMLESS ERROR—STRIKING ANSWER. Error in striking an affirmative defense in an answer is harmless where the court ruled that the defense was fully presented by the denials in the answer and allowed the parties to show the facts.

LANDLORD AND TENANT—LIEN ON CROPS—STATUTES—REAL AND PERSONAL PROPERTY. Under Rem. & Bal. Code, § 1188, providing that a landlord shall have a lien on the crops grown upon the demised land for the rents accrued and accruing and "for the faithful performance of the lease," a landlord's lien for rent may be enforced upon crops under a lease renting both real and personal property, where the personal property was a span of horses and work harness

[1]Reported in 110 Pac. 626.

leased to be used on the premises in carrying on and conducting the place during the term.

SAME—RENT—ACTION—DEFENSES. The entire rent is not forfeited by failure of the lessor to deliver all of the leased property at the time agreed upon, as it could only defeat a recovery of the rent *pro tanto.*

SAME—LIEN ON CROPS—TIME FOR FILING LIEN—STATUTES. Under Rem. & Bal. Code, § 1190, providing that a landlord's lien on crops for rent shall be filed within forty days after the expiration of each year of the lease, a lien may be filed after the rent has accrued not later than the time fixed, and is not void as premature because filed before the expiration of the year.

SAME—RENT—DEFENSES—EVICTION. An entry made by a third person with the consent of the lessee does not amount to an eviction, avoiding the payment of rents, merely because the landlord also consented to the entry.

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered April 30, 1909, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to foreclose a landlord's lien for rent. Affirmed.

*G. C. Waugh* (*J. W. Russell,* of counsel), for appellant.

*Thomas Smith* and *Augustus Brawley,* for respondents.

FULLERTON, J.—The respondents, being the owners of a farm situated in Skagit county, leased the same to the appellant for a period of three years from and after January 1, 1908, at an annual rental of $1,000, payable on the first days of January and November in each year. The first installment of rental for the year 1908 was paid at the time the lease was executed. The lessee, however, defaulted in the second installment, and on November 10, 1908, the landlord filed a lien on the crops grown on the leased land during the year 1908, to secure its payment. The present action was begun to foreclose the lien. The complaint filed was the ordinary complaint in such cases. The answer of the defendant, after certain denials, contained three affirmative defenses, the first of which was a plea to the effect that the rent

reserved in the lease was nonlienable under the statute, inasmuch as the rent was reserved in one sum without segregation for the rental of both real and personal property, while the statute allowed a lien for rentals of real property only; the second separate defense set up the fact that all the property included within the lease was not delivered to the lessee at the time agreed upon; and the third set up an eviction of the appellant by the respondents from a part of the leased property. A motion to strike the affirmative defenses was granted as to the first defense, but denied as to the remainder. To the second of the affirmative defenses a demurrer was interposed and sustained, and the third was put in issue by a reply. The parties then went to trial on the issues formed by the denials, which resulted in a decree foreclosing the lien.

It is first assigned that the court erred in striking from the answer the affirmative defense relating to the nonlienability of the rent reserved in the lease. In the form in which this defense was pleaded, inasmuch as it alleged in general terms only that lienable and nonlienable items were included in the rent reserved, it was probably error to strike it from the answer, but the question is of no moment on this appeal. The court ruled that the issue sought to be presented by this affirmative answer was fully presented by the allegations of the complaint and the denials in the answer, and allowed the parties to show the facts as they actually existed. No prejudice, therefore, resulted from the ruling.

On the merits of the question suggested by the plea, it was shown that the lease, after a description of the land covered thereby and a recital of the rent reserved and the manner in which it should be paid, provided that the "first parties are to also lease unto the second party one span of horses and work harness for the said term of this lease . . . to use said team on said premises or in carrying on and conducting the said place for the said term." It is the quoted proviso that is thought to destroy the right of lien. The argument is that the statute gives a lien on the crops grown on the leased

premises for the rent of the land only, and not for rent accruing from a lease of personal property; and since the lease in question covers both real and personal property and reserves a lump sum as rental without specifying the amount separately reserved for either, the entire sum is nonlienable because of the inability to separate the lienable part from the nonlienable. But this argument, we think is founded on a misconstruction of the statute.

Our statute relating to landlord's liens, it will be remembered, provides not only that every landlord shall have a lien upon the crops grown or growing upon the demised lands of any year for the rents accrued or accruing for such year, but provides also that he shall have a lien on such crops "for the faithful performance of the lease." Rem. & Bal. Code, § 1188. It may be that were a lease to be made of both real and personal property, in which the personal property had no connection with the real property and was to be used independently thereof, the statute is not sufficiently broad to permit the landlord to enforce a lien on the products of the farm for the rental accruing from the entire property leased; but where, as in the case at bar, the personalty is suitable and necessary for the successful cultivation of the farm, and is leased to be used thereon for that purpose, we think it clear that the lien may be enforced for the entire rental reserved under this particular clause of the statute, even if it could not be so enforced under the general provision. The statutes under consideration in the cases cited from other jurisdictions do not contain the particular clause found in our statute, and hence cannot be considered as authority for determining what is lienable under our statute.

The matters alleged in the second affirmative defense did not constitute a defense to the respondents' cause of action. A failure on the part of the landlord to put the lessee in possession of all the leased property might defeat recovery of the rent reserved *pro tanto*, but it is not ground for an en-

tire forfeiture, and since no deduction in the rent was asked because of the failure, the plea was demurrable.

The statute (Rem. & Bal. Code, § 1190), provides that any landlord desiring to claim a lien for rents on the crops grown on the demised premises "must, within forty days . . . after the expiration of the term, or after the expiration of each year of the lease, for which any lands were demised" file for record with the county auditor a claim, etc. It will be observed that the lands in the case before us were demised for a term of three years, commencing with the first day of January, 1908, at a rental of $1,000 per year, payable on the first days of January and November of each year; that the rental for which the present lien was filed fell due on the first day of November, 1908, and that the lien was filed on the tenth day of the same month. The appellant contends that the lien is void under the statute because prematurely filed. Cases are cited from other jurisdictions which seemingly maintain the position that under such a statute the lien can only be filed during the time between the end of the year of the lease and the statutory period, in this instance forty days, but we have laid down a contrary rule when construing a similar statute, holding, in effect, that the lien might be filed at any time after the right of lien accrued, if not later than the time limited in the statute. *Cascade Lumber Co. v. Aetna Indemnity Co.*, 56 Wash. 503, 106 Pac. 158. The principle of this case concludes the question at bar against the contention of the appellant. We are aware that the appellant asks that the case be overruled as contrary to the weight of authority, but we think it is just in principle, and within the spirit of the statute, and prefer to follow it rather than follow the more harsh rule of the cases to the contrary.

Finally, the appellant contends that no recovery of the rents can be had because, as he claims, he was evicted from a part of the demised premises. But as to this claim we cannot agree with the appellant on the fact. There was no eviction, partial or otherwise. The entry made by the third person,

which he claims to be such, was made with his consent, and he cannot be heard to call it an eviction for the purpose of evading the payments of his rents merely because the landlord also sanctioned the entry.

There is no error in the record, and the judgment will stand affirmed.

RUDKIN, C. J., MORRIS, GOSE, and CHADWICK, JJ., concur.