[No. 10763.   Department One.   April 8, 1913.]

## J. H. Tennes, *Respondent*, v. American Building Company, *Appellant*.[1]

Landlord and Tenant — Constructive Eviction — Waiver.   A constructive eviction by an unlawful interference with the lessee's subtenant is waived where the lessee does not surrender the premises.

Same—Lease—Breach by Landlord — Damages—Evidence—Admissibility.   Where a landlord unlawfully interfered with the lessee's subtenant, causing a loss of the rent under the sublease, the sublease is not admissible in evidence to prove the damages, inasmuch as gains or profits of collateral subcontracts cannot be recovered for breach of the original contract, where the subcontract was made after the execution of the original contract.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered April 10, 1912, upon findings in favor of the plaintiff, in an action on contract.   Affirmed.

*Wakefield & Witherspoon* (*A. C. Shaw*, of counsel), for appellant.

*Belt & Powell*, for respondent.

Gose, J.—This is an action to recover rent under a written lease.   It is alleged in the complaint that, on or about November 1, 1909, the plaintiff, with one Burns, leased the first floor of a building, situate in the city of Spokane, to the Shubert Theater Company, a corporation, "for a theater entrance to the theater in the rear of said premises," for a term of five years from that date, at an agreed monthly rental of $250 per month, payable in advance on the first day of each month; that thereafter the lessee assigned its lease to the defendant; that it accepted the lease, assumed the obligations thereof, and since the assignment up to and including July, 1911, paid the rent provided in the lease; that by agreement between the plaintiff and Burns, the rent became and is the property of

[1]Reported in 131 Pac. 201.

the plaintiff; that the defendant has not paid the rent for the months of August, September, October and November, 1911, and a judgment is demanded for the rent of those months, aggregating $1,000.

The defendant answered, admitting the assignment of the lease to it, as alleged in the complaint; admitting that it went into possession of the premises and paid the rent up to July, 1911; and pleaded affirmatively that the lease provided that so much of the leased premises as might not be necessary for or devoted to a theater entrance might be used by the lessee for any lawful purpose; that, after the assignment, it changed and altered the building in accordance with the terms of the lease so as to make two storerooms, one on either side of the entrance to the theater; that thereafter and about the first day of December, 1910, the defendant leased one of the rooms to one Edward Dufresne at a rental of $200 per month, to be used for a lawful purpose, but that the plaintiff refused to permit Dufresne to take possession of the room, sued out a writ of injunction restraining him from taking possession and restraining the defendant from leasing the room to him; and that ever since the plaintiff has refused to permit the defendant to lease the room to Dufresne, and it has remained vacant and unoccupied. It is further alleged that the clause in the lease providing that that portion of the building not needed for a theater entrance could be used by the lessee for any lawful purpose was one of the inducements which caused the Shubert Theater Company to make the lease; that, by reason of the action of the plaintiff, the obligation to pay the rent stipulated has ceased and terminated, "and that the only sum which this defendant should be required to pay is the sum stipulated in said lease, less the sum agreed to be paid by the said Dufresne" for the part leased to him.

In the reply the lease from the company to Dufresne is denied on information and belief, and it is denied that the Shubert Theater Company was induced to enter into the lease because of the provision therein that that part of the prem-

ises not needed for the theater entrance could be used for any lawful purpose. The averment that the defendant is released from its obligation to pay rent is also denied.

The case was tried to the court. The fact that the defendant had not paid the four months' rent was admitted. The defendant then offered in evidence the Dufresne lease and the record in the injunction proceeding, and offered proof tending to show that, at the time it made the lease to Dufresne and at the time of the issuing of the restraining order, Dufresne was solvent. The court found, that the lease was made and assigned as alleged in the complaint; that the plaintiff had succeeded to Burns' interest in the rent, and that the defendant had paid certain rent to the plaintiff. The court further found that, on or about the first day of December, 1910, the defendant leased to Dufresne a portion of the building for the term of three years and eleven months, he agreeing to pay therefor $200 per month; that Dufresne was prevented from entering into the possession of the room by an injunction sued out by the plaintiff and Burns; that the defendant was at all times in the possession and control of the storeroom leased to Dufresne; that it failed to prove that it had been damaged except in a nominal sum by the eviction of Dufresne; that it was not entitled to offset or counterclaim any sum against the rent due the plaintiff except to the extent of one dollar nominal damages for the eviction; that the defendant used reasonable diligence to lease the storeroom leased to Dufresne from the time it was enjoined from subletting to Dufresne, but was unable to do so. A judgment was entered in favor of the plaintiff for the sum of $999, the full amount of the rent in default, less one dollar allowed to the defendant as nominal damages. The defendant has appealed.

The appellant would have been justified in treating the injunction sued out as a constructive eviction. The rule is that "any intentional or injurious interference by the landlord or those acting under his authority, which deprives the tenant of the means or the power of beneficial enjoyment of the de-

mised premises or any part thereof or materially impairs such beneficial enjoyment, is a constructive eviction." 1 Am. & Eng. Ency. Law (2d ed.), p. 471.

It chose, however, to remain in possession of the leased premises, and in so doing, it waived its right to treat this as an eviction. "There can be no constructive eviction without a surrender of possession of the premises by the tenant." 24 Cyc. 1130. See, also, to the same effect: *Ralph v. Lomer*, 3 Wash. 401, 28 Pac. 760; 11 Am. & Eng. Ency. Law (2d ed.), p. 479.

The lease from appellant to Dufresne furnished no basis for measuring the damages which the appellant sustained by reason of the injunction, and it was not admissible in evidence for the purpose of proving damages. *Mead v. Kalberg*, 70 Wash. 517, 127 Pac. 185. This is based upon the rule that a breach of the original contract does not entitle the injured party to recover as damages the gains or profits of collateral enterprises or subcontracts, where the collateral agreement or subcontract was made after the execution of the original contract. The reason is that the original contract was not made with reference to it, and that it would introduce an element of damages not known by or within the contemplation of the parties at the time they entered into the original contract. The appellant neither pleaded nor proved any damages which the law recognizes, unless it be nominal damages, which the court allowed.

The judgment is therefore affirmed.

CROW, C. J., CHADWICK, MOUNT, and PARKER, JJ., concur.