[No. 13156. Department Two. April 17, 1916.]

W. W. ZENT, *Respondent,* v. H. C. LEWIS, *Appellant.*[1]

CONTRACTS—VALIDITY—DURESS. The threat to bring a civil suit for damages is not duress, where there was belief in good faith that there was in law a good cause of action.

MORTGAGES—CONSIDERATION—RELEASE. The release of what the mortgagees in good faith believed to be a good cause of action against the mortgagors is, *prima facie,* sufficient consideration for the note and mortgage.

Appeal from a judgment of the superior court for Franklin county, Linn, J., entered March 16, 1915, upon findings in favor of the plaintiff, in an action for the foreclosure of a mortgage, tried to the court. Affirmed.

*E. B. Quackenbush,* for appellant.

*Ed B. Powell,* for respondent.

[1]Reported in 156 Pac. 848.

PARKER, J.—The plaintiff Zent seeks recovery upon a promissory note, and the foreclosure of a mortgage deed upon land in Franklin county, securing the same, given by defendant Lewis on March 28, 1914. Trial in the superior court for Franklin county resulted in judgment and decree of foreclosure in favor of the plaintiff as prayed for, from which the defendant has appealed to this court.

The execution of the note and mortgage deed is admitted by appellant. His defense is that there was no consideration for their execution and that their execution was procured from him by respondent by duress. In March, 1914, the parents and guardians of a Miss Johnson, a girl about sixteen years old, placed in the hands of the law firm of which respondent is a member a claim for damages in behalf of their daughter against appellant, which damages were claimed to have resulted to their daughter from an assault made upon her by appellant in that he took improper liberties with her. Shortly thereafter, on March 18, 1914, respondent's law firm addressed a note to appellant asking him to come to their office. A day or two later, he went to their office, where the Johnsons' claim for damages was made known to him and where he was shown and read a prepared complaint in a contemplated action for damages against him based upon his alleged assault upon Miss Johnson, the amount of damages so claimed of him being $5,000. Negotiations then commenced between him and respondent, as attorney for the Johnsons, looking to a settlement of this claim for damages. Appellant visited respondent at his office continuing these negotiations on three different days, when they arrived at a tentative settlement to the effect that appellant was to pay respondent for the Johnsons $750 in full settlement of the damages claimed; it being agreed that he would execute this note and mortgage to secure the same, maturing on the 1st day of December, 1914. He then executed the note and gave it to respondent, the same being in respondent's name though for the benefit of the Johnsons; and the mortgage deed, hav-

ing been prepared, was given to him, which he took away and a short time later brought it back and gave it to respondent, it having in the meantime been executed by both himself and wife. His wife was not present during any of the negotiations and did not know that the note had been executed, evidently treating the mortgage deed, which was in the form of an absolute deed, as a conveyance. In the meantime respondent had procured from the Johnsons a release of the claimed damages acknowledging "full and complete satisfaction of any and all claims or demands we or any of us have or claim to have against said Henry C. Lewis by reason of anything he has said or done to" Miss Johnson. This release was signed by Miss Johnson and also both of her parents, and was delivered to appellant.

Appellant testified, among other things, in substance, that respondent had threatened him with criminal prosecution and also with publicity of the affair out of which the damages were alleged to have grown, and that it was these threats that induced him to settle the matter by the execution of the note and mortgage. We have no other testimony given in appellant's behalf in support of this version of the settlement. This was positively denied by respondent on the witness stand; and respondent's law partner testified to facts which are inconsistent therewith, though he was not present when the threats were alleged to have been made by respondent to appellant. Appellant made no claim that the note and mortgage were procured from him by duress until he verified his answer in this case on January 29, 1915, ten months after the execution of the note and mortgage, and two months after their maturity.

We have reviewed the evidence with care and agree with the learned trial court that it preponderates in favor of respondent upon the question of his alleged threat of criminal prosecution. This view would entitle him to judgment, so far as that question is concerned, even though such alleged threat

could amount to duress such as to relieve appellant from lia-bility under the note and mortgage. Of course, it needs no argument to' demonstrate that the threat to bring a civil suit to recover damages, as claimed, is not duress, since re-spondent and the Johnsons in good faith believed that there was in law a good cause of action for such claim. The fol-lowing decisions of this court support these conclusions and leave little to be said so far as the law of the case is con-cerned. *Walla Walla Fire Ins. Co. v. Spencer*, 52 Wash. 369, 100 Pac. 741; *Ingebrigt v. Seattle Taxicab & Transfer Co.*, 78 Wash. 433, 139 Pac. 188; *Cornwall v. Anderson*, 85 Wash. 369, 148 Pac. 1.

The contention that the note and mortgage were executed without consideration, we think, finds its answer in the fact that the Johnsons released what they in good faith believed to be a good cause of action, and which we think was, at least, *prima facie* so.

Mrs. Lewis was made a defendant with her husand because of her joining in the execution of the mortgage deed, though she did not sign the note. We have referred to H. C. Lewis as if he were the only defendant and appellant for conven-ience of expression in our discussion of the case.

The judgment is affirmed.

MORRIS, C. J., HOLCOMB, and MAIN, JJ., concur.