[No. 14628: Department Two. August 13, 1918.]

GEORGE W. CHUTE et al., Appellants, v.
ARTHUR J. BROWN et al., Respondents.[1]

LANDLORD AND TENANT—LIEN ON CROP—NOTICE—PRIORITY—BONA FIDE PURCHASER. A landlord's lien upon crops for rent, under Rem. Code, § 1190a, applying the provisions of chapter 7 relating to liens upon logs, depends upon the filing of a lien notice prior to sale to a bona fide purchaser, notwithstanding the provision that the lien may be asserted within forty days after expiration of the term or each year of the lease; since the lien may be protected by filing notice at any time.

Appeal from a judgment of the superior court for Yakima county, Davidson, J., entered August 1, 1917, dismissing on the merits, an action in equity, tried to the court. Affirmed.

*Parker, LaBerge & Parker*, for appellants.

*Stephen E. Chaffee*, for respondent Rowland.

*Harold B. Gilbert* and *O. L. Boose*, for respondent Balcom.

CHADWICK, J.—Appellants brought this action to foreclose a landlord's lien and to recover the value of certain parts of a crop sold by the tenant Arthur J. Brown to F. M. Balcom, Ide & Son, and Rowland & Son. The lease was executed on March 1, 1916, and was for a period of eleven months, commencing March

[1]Reported in 174 Pac. 438.

1, 1916, and ending on February 1, 1917. The property was community property. The lease was not signed by the wife, nor was it acknowledged by either of the parties.

A crop was raised during the season of 1916 and a part of the landlord's share was sold by Brown to the several other defendants. Appellant George W. Chute had knowledge of these sales as early as the 2d or 3d of November, 1916. On January 8, 1917, he filed for record in the office of the county auditor of Yakima county a claim of lien upon all the crops grown on the leased premises during the season of 1916. The court below, as we are informed, denied a recovery upon the ground that the lease, being informal and not entitled to record under the recording acts, was not notice of the right of the landlord to claim an interest as against *bona fide* purchasers for value. This court has frequently and persistently held that an unacknowledged lease is operative only as a lease from month to month or from year to year. It has as persistently held that a lease of community property which is not signed or acknowledged by a wife is not valid as an executory contract. But we find no cases in which it is held that third parties, whether *bona fide* purchasers for value or subsequent incumbrancers, can set up the invalidity of a lease as against the right of a landlord to assert a lien upon crops grown while the tenant was in the actual and undisturbed possession of the premises, and it may well be doubted whether there are any. *Hill v. Gilmer,* 21 South. (Miss.) 528, seems to so hold, but, if so, it is not sustained by the authorities upon which it is made to rest. There are cases to the contrary. *Martin v. Blanchett,* 77 Ala. 288; *Nelson v. Webb,* 54 Ala. 436. It would seem that the right of a landlord to assert a lien under the statute arises out

of the relation and not out of the written contract, which, under the logic of our decisions, if informal, goes only to the extent or duration of the term, and not to the particular covenants relating to the rent to be returned, whether it be in money or in the products of the land. We therefore leave this question undecided and pass to an affirmance of the judgment of the court upon another ground.

At common law a landlord has no right of lien upon the crops of his tenant. 16 R. C. L. 975. The right has been asserted and sustained, however, upon equitable considerations, custom and usage being recognized as sufficient to support the lien and to maintain trover. In some of the states the right to assert a lien is secured by statute, and is made to depend upon a statutory notice. It is so in this state. Rem. Code, Title VIII, ch. IX (§§ 1188-1190).

Under § 1190a, being a part of the chapter securing liens upon farm products, it is provided:

"All rights secured to the holders of liens upon logs under the provisions of chapter VII, shall inure to the benefit of those holding liens under the provisions of this chapter, and the said lienholders hereunder, shall have the same right to have their liens recorded, the same right of foreclosure, of joinder of parties, of judgment over against the person primarily liable, and against any person who shall injure or impair their lien or any of their rights, as are above secured to the holders of liens upon logs, under said Chapter VII."

Under this section we are warranted in referring to the law providing for the assertion and maintenance of liens upon logs and to our own decisions construing Rem. Code, ch. VII of Title VIII (§§ 1162-1181).

This action, in so far as it is maintained against the purchasers of the farm products, is for the eloignment of the property. Under the logging lien statute, it has

been held from the beginning that an action for the eloignment of logs cannot be maintained if a sale is made before the filing of the lien. *Akers v. Lord*, 67 Wash. 179, 121 Pac. 51; *Robins v. Paulson*, 30 Wash. 459, 70 Pac. 1113; *O'Connor v. Burnham*, 49 Wash. 443, 95 Pac. 1013; *Judge v. Bay Mill Co.*, 18 Wash. 269, 51 Pac. 378.

We come to this conclusion notwithstanding the provision that a landlord shall have a lien upon the crops grown or growing upon the demised land for any year for the rents accrued, or accruing for such year, and a further provision that the landlord may assert his lien by filing his claim within forty days *after* the expiration of the term, or forty days after the expiration of each year of the lease.

This conclusion saves a question that has aggravated other courts and has led to a distinction that has no foundation in reason when applied to a state of facts such as we are called upon to consider.

The authorities are not in accord upon the question whether the lien given by statute is enforceable against a *bona fide* purchaser without notice, although it is generally held that no lien can be enforced against a purchaser of stock in trade sold in the ordinary course of business. We may well take notice that farm products are raised in quantity in this state and are generally sold on the market at or following nearly the harvest time, and that a tenant has either an entire interest, if he pays a cash rent, or a partial interest, if he pays in kind.

Crops are articles of commerce, and care should be exercised that no unjust restraint be put upon fair trade by those accustomed to deal therein. And while we hold that a landlord has a lien upon crops for his rental, and that it is a prior and preferred lien, priority

and preference depend upon notice. The lien given by our statute is not general as in some states, but is a right to be exercised at the option of the landlord, and, until exercised by the filing of a claim of lien as provided in the law, it will not operate to defeat purchasers in good faith. In other words, notice does not arise out of the tenancy, but by the assertion and filing of a claim of lien. This rule works no hardship upon a landlord, for he may protect his right from the beginning by filing a claim at any time but not later than the time limited by law. *McLeod v. Russell,* 59 Wash. 676, 110 Pac. 626; *Cascade Lumber Co. v. Aetna Indemnity Co.,* 56 Wash. 503, 106 Pac. 158.

Taking the act, the loggers' lien law, and our own cases, we have no doubt that it was the intention of the legislature to make a landlord's lien depend upon a filing of his claim and that such filing is necessary in order to defeat the right of a purchaser for value.

Affirmed.

MAIN, C. J., MOUNT, HOLCOMB, and MACKINTOSH, JJ., concur.