[No. 26654. Department One. November 22, 1937.]

C. J. BURGETT et al., *Appellants*, v. J. W. WOMER et al., *Defendants*, TWIN HARBORS LUMBER COMPANY, *Respondent*.[1]

*Morgan & Morgan*, for appellants.

*W. H. Abel*, for respondent.

BLAKE, J.—This is an action to foreclose labor liens on a shingle mill owned by defendant Womer, and upon certain shingles which had been manufactured at the mill. Plaintiffs also sought to hold defendant Twin Harbors Lumber Company in damages for eloignment of certain shingles which had been removed from the mill. The defendant Womer defaulted, and as to him, judgment was entered in favor of plaintiffs for the amount of the claims and foreclosure of the liens as against the mill and a quantity of shingles which had not been removed from the mill. Judgment of

[1] Reported in 73 P. (2d) 743.

dismissal was entered as to defendant Twin Harbors Lumber Company. From this latter judgment, plaintiffs appeal.

The question to be determined is whether the lien claimants lost their right of lien as to certain shingles which had been removed from the mill and which had been sold and delivered into the possession of Twin Harbors Lumber Company prior to the filing of the claims of lien. The controlling statute is Rem. Rev. Stat., § 1163 [P. C. § 9680], which provides:

"Every person performing work or labor or assisting in manufacturing sawlogs and other timber into lumber and shingles, has a lien upon such lumber while the same remains at the mill where it was manufactured, or in the possession or under the control of the manufacturer, whether such work or labor was done at the instance of the owner of such logs or his agent or any contractor or subcontractor of such owner. The term lumber, as used in this chapter, shall be held and be construed to mean all logs or other timber sawed or split for use, including beams, joints, planks, boards, shingles, laths, staves, hoops, and every article of whatsoever nature or description manufactured from sawlogs or other timber."

The trial court made findings of fact, fully supported by the evidence, as follows: That all of the shingles involved in the controversy between appellants and Twin Harbors Lumber Company were purchased by the latter from Womer prior to June 27, 1936, and were delivered to Twin Harbors Lumber Company at the Port of Grays Harbor terminal, at Aberdeen, on or before that date; that all of such shingles had been removed from the mill, and had passed out of the control and possession of Womer on or prior to June 27th; that the claims of lien were filed on June 30th.

Construing Rem. Rev. Stat., § 1163, this court has repeatedly held that, when manufactured lumber or shingles have passed from the possession and con-

trol of the manufacturer, and have been removed from the mill, the right of lien is lost, unless lien claims have been filed before removal. *Swartwood v. Red Star Shingle Co.*, 13 Wash. 349, 43 Pac. 21; *Judge v. Bay Mill Co.*, 18 Wash. 269, 51 Pac. 378; *Akers v. Lord*, 67 Wash. 179, 121 Pac. 51; *Douglass v. Woodbury Lumber Co.*, 101 Wash. 668, 172 Pac. 906; *Carr v. Bunker Creek Logging Co.*, 131 Wash. 535, 230 Pac. 422.

But appellants urge that the lien claimant has thirty days from the time he ceases work within which to file his claim; that the claims in this case were filed within such time; and that, in the light of the provisions of Rem. Rev. Stat., §§ 1165, 1177 and 1181 [P. C. §§ 9682, 9694, 9698], the right of lien is not lost until the expiration of such period, even though the shingles have been removed from the mill and passed from the possession and control of the manufacturer.

Rem. Rev. Stat., § 1165, provides that "no sale or transfer of any . . . shingles shall divest the lien thereon as herein provided . . ." Rem. Rev. Stat., § 1177, provides that a purchaser of property "liened upon" is conclusively presumed not to be an innocent third party, unless it appears that he has paid the full value of the property and has seen to it that the purchase price "has been applied to the payment of such bona fide claims as are entitled to liens . . ." Rem. Rev. Stat., § 1181, makes one "who shall eloign . . . any . . . shingles . . . upon which there is a lien" liable to the lienholder for the amount secured by his lien.

We find nothing in these sections which enlarges the right to a lien given in Rem. Rev. Stat., § 1163. They (§§ 1165, 1177 and 1181) define the rights of the lienors and the liability of purchasers with respect to property upon which there is an established right of lien. Read in the light of Rem. Rev. Stat., § 1163, these

latter sections presuppose the establishment of a right of lien before the manufactured lumber or shingles have been removed from the mill and have passed out of the possession and control of the manufacturer.

Under the plain terms of Rem. Rev. Stat., § 1163, no right of lien was established through the claims filed on June 30th upon shingles removed from the mill and sold and delivered to respondent Twin Harbors Lumber Company on and prior to June 27th. Consequently, there could be no eloignment in contemplation of Rem. Rev. Stat., § 1181. *Akers v. Lord, supra; Douglass v. Woodbury Lumber Co., supra.*

Judgment affirmed.

STEINERT, C. J., MAIN, HOLCOMB, and SIMPSON, JJ., concur.