[No. 28918.    Department Two.    March 1, 1943.]
C. A. GIBSON, *Respondent and Cross-appellant,* v.
A. B. THISIUS *et al., Appellants.*[1]

*J. P. Tonkoff* and *Elery A. Van Diest,* for appellants.

*W. B. Clark,* for respondent and cross-appellant.

BLAKE, J.—The plaintiff is the owner of a large amount of land in township 13 north, range 15, E. W. M., Yakima county.    By contract of March 18, 1937, he

[1]Reported in 134 P. (2d) 713.

sold the timber on specifically described portions of sections 17, 18, and 19 to the defendants. The contract provided that defendants should have five years in which to remove the timber, with the qualification, however, that it should be removed within fifteen months from the time the first timber was cut.

On August 28, 1939, plaintiff, conceiving that more than fifteen months had elapsed since the first timber was cut, notified defendant Thisius that he must not cut or remove any more timber nor enter upon the property for any other purpose. By the same notice, he also warned the defendant that he would claim damages for timber cut by the latter on land not covered by the contract.

In June, 1940, plaintiff instituted this suit, claiming, as a first cause of action, treble damages for timber cut and removed more than fifteen months after the first cutting operations upon the land covered by the contract. As a second cause of action, he claimed treble damages for timber cut and removed from land not covered by the contract. Answering, defendants denied the allegations of the complaint, and, by way of further answer and cross-complaint to the first cause of action, sought damages for wrongful eviction from the land covered by the contract.

The cause was tried to a jury, which returned a verdict against plaintiff on his first cause of action and in favor of defendants on their cross-complaint. On plaintiff's second cause of action, the jury returned a verdict of $598.94 in his favor. Plaintiff moved for a new trial and for judgment notwithstanding the verdict on his second cause of action. He also moved for judgment notwithstanding the verdict on defendants' counterclaim, which the court granted. The motion for judgment notwithstanding the verdict on the second cause of action was denied. The motion for new trial on that

cause of action was granted conditionally. The condition left defendants with the choice of acceding either to a new trial or to the entry of judgment in favor of plaintiff for $962.37. The defendants chose the latter alternative. Judgment was accordingly entered for plaintiff in the sum of $962.37 and for dismissal of defendants' counterclaim. Both sides appeal.

The burden of plaintiff's appeal is that he should have judgment for treble damages as provided by Rem. Rev. Stat., § 939 [P. C. § 8557]. That section, however, is qualified by Rem. Rev. Stat., § 940 [P. C. § 8558], which provides that if "the trespass was casual or involuntary, or that the defendant had probable cause to believe that the land on which such trespass was committed was his own    .    .    .    judgment shall only be given for single damages." The question of the character of the trespass—whether it was willful or involuntary and in good faith—was for the jury.

The jury's verdict was for single damages. It, therefore, must have found that the trespass was, in contemplation of Rem. Rev. Stat., § 940, involuntary and in good faith. While, as triers of the facts, we might have reached a different conclusion on the issue, we think there was evidence to sustain the jury's view. The fact that the trial court increased the amount of the verdict does not alter the situation. For it is clear that the sum for which judgment was allowed was on the theory of single damages; in other words, it is apparent that the trial court also thought the trespass was involuntary and in good faith. On the record as presented, we would not be warranted in saying that the trespass was willful. The judgment will be affirmed on plaintiff's appeal.

Defendants' claim of wrongful eviction rests wholly upon the notice to which we have already adverted. It was a letter from plaintiff's attorneys assert-

ing that more than fifteen months had elapsed since the first timber had been cut; that treble damages would be claimed not only for timber cut subsequent to the expiratory date on the land covered by the contract, but also for timber cut on land upon which defendant had no rights at all. There was no physical molestation of plaintiff in his possession of the property under contract. No harassing incidents occurred on the property. Indeed, no controversies occurred on the property at all—the defendants simply vacated upon being served with the notice.

It has been broadly stated in some cases that mere notice to quit, followed by vacation of the premises by the tenant, is sufficient to constitute a constructive eviction—or, at least, to make an issue of fact for the jury. We think, however, there will be found in all such cases harassing incidents disturbing to the tenant's peaceful possession occurring on the property. That is the situation presented in *Hobson v. Union Oil Co.*, 187 Wash. 1, 59 P. (2d) 929, where we held that the question as to whether there was an eviction or a voluntary surrender by the tenant was one of fact for the jury. That decision does not impair the force of former decisions of this court adhering to the rule that, to constitute a constructive eviction, some substantial interference by the landlord which is injurious to the tenant's beneficial use and enjoyment of the premises must occur. *Ralph v. Lomer*, 3 Wash. 401, 28 Pac. 760; *Wusthoff v. Schwartz*, 32 Wash. 337, 73 Pac. 407; *Tennes v. American Building Co.*, 72 Wash. 644, 131 Pac. 201; *Cline v. Altose*, 158 Wash. 119, 290 Pac. 809, 70 A. L. R. 1471.

A threat made in good faith to resort to legal process does not constitute duress. *Zent v. Lewis*, 90 Wash. 651, 156 Pac. 848; *Ingebrigt v. Seattle Taxicab & Transfer Co.*, 78 Wash. 433, 139 Pac. 188; *Investment*

*and Securities Co. v. Adams,* 192 Wash. 41, 72 P. (2d) 288. By the same token, it cannot amount to a constructive eviction. Whether or not the threat is made in good faith may or may not be a question of fact for the jury to decide. That depends upon the state of the evidence. In this record there is not a scintilla of evidence from which it can be inferred that plaintiff acted in bad faith in threatening defendants with a suit for treble damages. On the contrary, the evidence is conclusive that he acted not only in good faith but also with probable cause.

The judgment is affirmed on defendants' appeal.

SIMPSON, C. J., BEALS, ROBINSON, and JEFFERS, JJ., concur.