[No. 10445–4–I. Division One. April 27, 1983.]

DRAPER MACHINE WORKS, INC., *Respondent,* v. KENNETH HAGBERG, ET AL, *Appellants.*

484

*Michael S. Curtis,* for appellants.

*John F. Kalben* and *Blake Howe,* for respondent.

SWANSON, J.—This controversy involves the claim of

plaintiff Draper Machine Works, Inc. (Draper) for unpaid rent from defendant Kenneth Hagberg. The trial court granted Draper's motion for summary judgment in the amount of $39,157.16, including interest and attorney fees, and dismissed Hagberg's motion for judgment on the pleadings. Hagberg appeals. We affirm, modifying the amount awarded.

On June 18, 1980, Hagberg agreed to rent a piece of property from Draper beginning July 1, 1980 through June 30, 1983 for $5,871.94 per month. Hagberg paid Draper a security deposit equal to 1 month's rent and the first one-half month rental payment. The lease included a clause requiring Draper's consent for Hagberg to sublease the premises.

At the time the lease began, July 1, 1980, trucks of a prior tenant, Mission Macaroni, used part of the property. Hagberg claimed Mission's use continued well into July 1980. Draper claimed Mission vacated the property by July 4, 1980. Although he remained on the premises, Hagberg failed to pay rent for the period after July 15, 1980. On October 2, 1980, Draper sent Hagberg a notice to pay rent.

Draper filed its complaint on October 29, 1980. Draper moved for summary judgment and Hagberg for judgment on the pleadings. The court granted Draper's summary judgment motion on June 16, 1981. Hagberg appeals primarily alleging that (1) the affidavits created a genuine issue of fact and, therefore, a summary judgment was inappropriate, and (2) judgment was improper based on a number of procedural grounds.

Hagberg first contends that the court erred by granting Draper's motion for summary judgment because alleged facts showed Draper breached the implied covenant to deliver property, thereby excusing Hagberg's obligation to pay rent. We disagree.

To grant a motion for summary judgment the trial court must find that the pleadings and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

CR 56(c). All facts submitted and reasonable inferences from those facts must be considered in favor of the non-moving party. *Davis v. Niagara Mach. Co.,* 90 Wn.2d 342, 348, 581 P.2d 1344 (1978).

The primary substantive argument presented by Hagberg is that he did not have to pay rent because Draper breached the implied covenant of quiet enjoyment by permitting Mission trucks on the property. Therefore, the issue is whether under the facts submitted, viewed most favorably to Hagberg, a breach of the covenant of quiet enjoyment could be shown justifying nonpayment of rent.

Implied in every lease is a covenant to deliver possession to the tenant. Weissenberger, *The Landlord's Duty To Deliver Possession: The Overlooked Reform,* 46 U. Cin. L. Rev. 937 (1977). Some courts have blurred the distinction between the covenant to deliver and the covenant of quiet enjoyment. Weissenberger, at 937 n.2; *see Esmieu v. Hsieh,* 20 Wn. App. 455, 580 P.2d 1105 (1978), *aff'd,* 92 Wn.2d 530, 598 P.2d 1369 (1979). Regardless of what the covenant is called, preventing a tenant from gaining possession to land to which he is entitled under an agreement breaches an implied covenant and excuses any obligation to pay rent. *Esmieu,* at 460–61; Weissenberger, at 944. In addition, the general rule is that if the covenant to deliver is breached, the tenant may rescind the agreement. Weissenberger, at 944. But, "if the tenant elects not to rescind and merely waits for the landlord to clear the premises for his occupancy, his only damages may be of the consequential variety." (Footnote omitted.) Weissenberger, at 944; *see Tennes v. American Bldg. Co.,* 72 Wash. 644, 646–47, 131 P. 201 (1913) (even if a landlord's actions constitute a constructive eviction, if the tenant decides to remain in possession of the leased premises, he waives his right to treat it as an eviction); *McLeod v. Russell,* 59 Wash. 676, 110 P. 626 (1910).

In the present case, although Draper breached the implied covenant to deliver possession, Hagberg did not

rescind the lease but admittedly continued in possession until at least October 4, after he received the notice to pay rent. He no longer had the option to rescind the lease but had only a claim for consequential damages for the reasonable rental of temporary premises while awaiting possession.[1] Accordingly, even under the facts admitted by Hagberg, Draper was entitled to judgment for the rent owed from July 15 until it found a new tenant, minus Hagberg's damages for the first few days of July.

Draper concedes that credit for rental received from the prior tenant was not deducted from the amount of judgment and stipulates to reduce the amount by $715 plus interest of $36. We approve Draper's concession and modify the judgment by that amount.

█ Hagberg also contends that Draper should not be permitted to retain the security deposit in addition to the total amount of the judgment. We agree.

At least three legal conclusions can arise when a lease deposit is made. It may be security against actual damage to the lessor; it may be liquidated damages to which the lessor becomes entitled in event of breach; it may be additional consideration for the execution of the lease. Which of these conclusions is to be given legal effect depends upon the language of the lease, and in some cases upon evidence outside the lease.

*J & J Food Ctrs., Inc. v. Selig*, 76 Wn.2d 304, 307, 456 P.2d 691 (1969). Here, the lease provided:

Security. Lessee agrees to deposit with Lessor, on signing of this lease, $5871.94 in cash as security for payment of rent herein received and faithful performance by Lessee of all terms, conditions and agreements of lease, as well as to indemnify Lessor for any costs or expenses to which Lessor may be put by reason of any default as aforesaid by Lessee. This amount shall be in addition to any other provision contained in this lease.

---

[1] In light of the clause in the lease prohibiting subleasing without Draper's consent, Hagberg's contention that he was damaged by loss of subtenants because of the Mission trucks is irrelevant.

> If Lessee shall have fully complied with all of the covenants, agreements, terms and conditions of this lease, but not otherwise, said sum so paid shall be returned upon termination.

Although the provision is somewhat self–contradicting, read as a whole it appears the deposit was intended as security against actual damages and was not for additional consideration. Thus, the security deposit should be applied toward payment of the judgment.

Hagberg also raises numerous procedural issues. He first contends that Draper, as a corporate plaintiff, was barred from commencing this action because it did not prove it paid all fees due the State of Washington.

■ Draper was not barred from commencing this action because Hagberg did not raise the issue prior to appeal. RCW 23A.44.120 prohibits corporations from maintaining actions without proof of payment of fees, but if this issue is not raised in the answer or by motion, it is waived. *See Portland Ass'n of Credit Men, Inc. v. Earley,* 42 Wn.2d 273, 279, 254 P.2d 758 (1953); *Mutual Reserve Ass'n v. Zeran,* 152 Wash. 342, 351, 277 P. 984 (1929); CR 9(a).

■ Hagberg also claims indispensable parties were not joined as required by CR 19(a) and that the trial court improperly determined the amount of attorney fees awarded. Again, because these issues are raised for the first time on appeal and do not involve fundamental rights, they will not be considered. *See, e.g., Fuqua v. Fuqua,* 88 Wn.2d 100, 105, 558 P.2d 801 (1977).

Hagberg also complains that the trial court erred by awarding a judgment in an amount exceeding the amount requested in the complaint. We do not agree.

■ Except in the case of a default judgment, every final judgment shall grant the relief to which the prevailing party is entitled. *Hos Bros. Bulldozing, Inc. v. Hugh S. Ferguson Co.,* 8 Wn. App. 769, 773, 508 P.2d 1377 (1973); CR 54(c). This rule applies to summary judgments. *Davis v.*

*Romney,* 490 F.2d 1360, 1367 (3d Cir. 1974).[2] Hence, an award in excess of the amount requested was not inappropriate here.

Hagberg's final contention is that the trial court erred by not dismissing Draper's complaint because it failed to meet the notice and service requirements of the unlawful detainer statute.[3] We conclude that the trial court properly decided the issues based on Draper's complaint because this was not a statutory unlawful detainer proceeding and, therefore, the notice requirements of RCW 59.12 are irrelevant.

The unlawful detainer statute, RCW 59.12, does not provide the only remedy for a landlord to obtain unpaid rent. *See Woodward v. Blanchett,* 36 Wn.2d 27, 216 P.2d 228 (1950). Although the procedure used by Draper was somewhat ambiguous, we conclude he filed an ordinary civil action. However, there are some indications this was an action pursuant to the unlawful detainer statute: the complaint heading, the statement in paragraph 7 of the complaint that this is an action for unlawful detainer, and the request for double damages. But, more important factors indicate that Draper filed an ordinary civil action. Draper's complaint did not mention the statute. Additionally, and decisively, the summons did not conform to RCW 59.12.070 specifications, but to CR 4, showing Draper did not seek the benefit of the expedited procedure of RCW 59.12. Because Draper did not seek the primary benefit of the

---

[2]CR 54(c) is identical to Fed. R. Civ. P. 54(c).

[3]RCW 59.12.030 provides in pertinent part:
"A tenant of real property for a term less than life is guilty of unlawful detainer either:
" . . .
"(3) When he continues in possession in person or by subtenant after a default in the payment of rent, and after notice in writing requiring in the alternative the payment of the rent or the surrender of the detained premises, served (in manner in RCW 59.12.040 provided) in behalf of the person entitled to the rent upon the person owing it, has remained uncomplied with for the period of three days after service thereof. The notice may be served at any time after the rent becomes due;"

statute, it does not follow that Draper brought an action under it, nor is it fair to impose the statute's burdens on Draper. Finally, it is important to note that the complaint undisputably provided Hagberg with notice of the claim. This was not an action in unlawful detainer and, consequently, any defect in the notice to pay was irrelevant. *See Woodward*, at 32–33.

Draper seeks attorney fees on appeal in accordance with RAP 18.1. A contractual provision supporting award of attorney fees at trial supports an award of attorney fees on appeal. *E.g., Schmitt v. Matthews,* 12 Wn. App. 654, 664–65, 531 P.2d 309 (1975). Such a provision was present in the lease here. Draper has submitted the required affidavits and time sheets to support its request. We award Draper the sum of $3,500 as attorney fees for this appeal pursuant to RAP 18.1.

We affirm the judgment and modify the award in accordance with this opinion.

DURHAM, A.C.J., and SCHOLFIELD, J., concur.